Richards, J.
The defendant is an Ohio corporation having its situs and manufacturing plant and principal office in the city of Tiffin, Seneca county, Ohio. The plaintiff, Charles D. Towne, brought an action against the defendant -in the court of common pleas of Lucas county to recover damages for personal injuries claimed to have been suffered by him while employed in its plant in the city of Tiffin. It is stated in the brief of counsel for the defendant, and is not disputed, that the plaintiff was at the time of the commencement of his action a resident of the county of Seneca.
Upon the filing of the petition summons was issued to the sheriff of Lucas county, the return of the sheriff showing service by delivering personally a copy of the summons, with endorsements thereon, to Augusta Ro'hn, the vice president and one of the chief officers of The National Machinery Company, the sheriff certifying that no other chief officer of said company could be found in Lucas county.
The defendant, appearing for the purposes of the motion only, filed a motion in the court of common pleas to set aside the return of service of summons for two reasons: first, because Augusta Rohn upon whom service of summons was made as vice president of the defendant and one of the chief officers of the defendant was not and is not a vice president or chief officer of the company; and, second, because a vice president of a corporation is not a chief officer of such corporation. This motion was heard on evidence taken by the respective parties, and the court of common pleas,. *267 after hearing the evidence and the arguments of counsel, granted the motion and quashed the service of summons, to which decision error is prosecuted to this court.
On an examination of the record this court became convinced that the judgment quashing the service of summons was not a final order or judgment, basing its conclusion largely on the reasoning of the court 'in the case of Tatum et al. v. Geist et al., 40 Wash., 575, and the authorities therein cited. Thereupon the court of common pleas, on application duly made, entered a nunc pro tunc judgment dismissing the plaintiff’s petition as of the date of the quashing of the service of summons, and adjudging that plaintiff pay the costs, and the record of this court has been corrected in accordance with such nunc pro tunc. judgment.
The record now showing a final judgment, the question raised as to the sufficiency of the service of summons on Augusta Rohn as vice president becomes a very important question of practice, the solution of which is to be reached by a construction of Sections 11272 and 11288, General Code, in connection with the evidence Contained in the record.
It appears from -this evidence that the officers of The National Machinery Company were M. Frost, president; H. M. Reynolds, vice president; Augusta Rohn, second vice president; William L. Hertzer, treasurer, and Earl R. Frost, secretar)'' and manager, and that H. M. Reynolds, who had been chosen as vice president, died before the filing of the petition in this case. Augusta Rohn was elected second vice president on July 11, 1911,. *268 and had been regularly reelected as such vice president, each year up to and including January 16, 1917. It further appears that the president of the company, M. Frost, is and has been for many years a resident of Somerville, New Jersey, and that Mr. Reynolds, the vice president, was at the time of his death, and had been for a number of years theretofore, a resident of the state of New York. The president of the company, M. Frost, was, at the time of the bringing of this action and the service of the summons, absent from the state of Ohio. Augusta Rohn was one of the largest stockholders of the company, and had served for many years as a member of the board of directors and as a member of the executive committee or board of managers, and states in her affidavit introduced in evidence on the trial of the case that she had never discharged any duties for said company as second vice president, nor 'had she attempted so to do. She had come to the city of Toledo on July 11, 1917, .upon some private business of her own and not upon any business connected with that of the defendant company. While in the city on that day she was served with summons by the sheriff, as already stated.
The code of regulations adopted by the company provides that the officers of the company shall consist of a president, a vice president, a secretary and a treasurer, to be elected by the board of directors, and Section 33 of the code of regulations authorizes the board to elect or appoint such other officers as it may deem proper'. Pursuant to the authorization contained in this *269 section the board had for a number of years prior •to the bringing, of this action regularly elected Augusta Rohn as second vice president. Section 43 of the code of regulations provides that in the absence or inability of the president to act the vice president shall perform all the duties and may exercise any of the powers of the president subject to the control of the board.
A solution of the problem presented by this record as to the sufficiency of the service depends upon the answers to two questions:
First: Was Augusta Rohn at the time of the service vice president of the company? and
Second: If so, was the service on her as such vice president a valid service within the provisions of the Ohio statutes cited?
By virtue of the authority -vested in the board of directors to elect or appoint such other officers as it deemed proper, ahd their exercise of such authority, Augu-sta Rohn became legally second vice president of the defendant company, and filled that office for a number of years and until the death' of the first vice president. On the death of the first vice president, Mr. Reynolds, which occurred in May, 1917, Mrs. Rohn became ipso facto first vice president of the company and was such at the time of the service of summons upon her. It is said in argument that her election as second vice president was merely by way of compliment and without the expectation of conferring any rights or duties on her. The record, however, does not ishow such to be the fact. We must therefore conclude that at' the time of the ■service of summons she was in fact and in law *270 t'he first vice president of The National Machinery Company.
The first section cited, to-wit, Section 11272, General Code, fixes the venue in actions brought against corporations, and authorizes the bringing of such actions in the county in which such corporation is (situated or has its principal office or place of business, “or in any county in which a summons may be served upon the president, chairman or president of the board of directors or trustees or other chief officer.” The other section cited, to-wit, Section 11288, General Code, authorizes the service of summons “upon the president, mayor, chairman or president of the board of directors or 'trustees, or other chief officer.” Within the language of these sections, if Augusta Rohn, by .reason of the permanent nonresidence of the president and his absence from the state of Ohio, became the chief officer of the defendant company, then service upon her was authorized by the statute.
We are well aware of the rule that the statutory method of service of summons on a corporation is mandatory and must be strictly followed, and it naturally results that where the statute designates a particular officer or person or class of persons, on whom process shall be served, this requirement must be complied with in order to obtain jurisdiction. This rule is announced in various textbooks and in many adjudicated cases' arid admits of no uncertainty..
The general subject of service on the vice president of a corporation is discussed in 3 Thompson *271 on Corporations (2 ed.), Section 3062, where the author uses the following language:
“The vice-president, as formerly shown, in the absence of the president, takes the place and performs the duties of the president. It may be asserted as the rule, and is believed to be sound ■law, that where statutes authorize service of process on the president of a corporation, then in bis absence or where he can not be found, service on the vice-president is sufficient and binding on the corporation. This is not a violation of the rule already stated, that one officer can not be substituted where the law names another. But in such case the law itself substitutes the vice-president for the president, and no such rule applies to any other officer.”
We note particularly the importance of the latter portion of the quotation that “no such rule applies to any other officer.” This exception undoubtedly occurs by reason of the fact that the vice president has no functions to perform except in the case of the absence, disability or death of the president, and that when the absence, disability or death of the president, arises then his duties devolve upon the vice president, who thereby becomes for the time being chief officer of the company, and hence it results that this is not a substitution by the parties of one officer for another, 'but, as is said by the eminent author already quoted, the substitution is made by the law itself. Hence it is said in 2 Thompson on Corporations (2 ed.), Section 1495, that in the absence of the president the vice president is the chief officer of the corporation.
*272 The identical question we are considering has been determined by several respectable authorities, among which is the case of Comet Consolidated Mining Co. v. Frost, 15 Colo., 310, under a statute which provided that service upon corporations should be made by delivering a copy of the summons to the president or other head of the corporation, or to the secretary, cashier, treasurer, or general agent thereof. While the phraseology of the statute is not literally the same as the Ohio statute, yet in substance and effect we construe it to be the same. Under that statute it was-held that a service of summons upon the vice president -of the corporation was sufficient.
The question was also determined in the case of Pond et al. v. The National Mortgage & Debenture Co. et al., 6 Kans. App., 718. The Kansas statute, under which this decision was reached, appears to provide that service may be made upon the president, mayor, chairman of the board of directors, trustee, or other chief officer. In the course of the opinion the court say that in the absence of the president of a corporation it is the duty of the vice president to act as president and at such times he is the chief officer of the corporation.
A like conclusion was reached by the federal court in Ball v. Warrington, 87 Fed. Rep., 695, where the same Kansas statute was under consideration.
The supreme court of Missouri has sustained the validity of service on a vice president, under a statute substantially. identical with ours. See *273 Youree v. The Home Town Mutual Insurance Co. et al., 180 Mo., 153.
Indeed, our attention has not been called to any authority holding that a service upon a vice president is insufficient in ¡cases where the president is absent, disabled or dead, where the statute authorizes service upon the president or other ¡chief officer. Many -authorities hold that where such service ¡is ¡authorized it is not allowable to -make service upon -a secretary or treasurer, because that would be substituting one officer for another, and such substitution ¡can not be made by the parties, the -only substitution allowed being that of vice president for the president, where the duties of ■the president devolve upon the vice president in case ¡of the absence, disability or death of the president. Under such circumstances the vice president becomes the chief officer of the corporation for the time being, and is within the language of the statute, and service made on him is therefore valid.
Counsel for the defendant cite Karns v. State Bank & Trust Co., 31 Nev., 170, a decision of the supreme court of Nevada, where the statute authorizes a service ¡on the “president or other head of the corporation, -secretary, cashier, or managing ¡agent thereof.” The court in that case had under consideration the sufficiency of a service on an assistant cashier of a bank, and it was, of course, held that such service was invalid. In the course of the opinion the court say:
“There is good reason for holding that, in the absence of the president, he becomes superseded by the vice-president, who, in effect, becomes the *274 president or head of the corporation, endowed with the functions of the president and subject to service as ‘the president or other head of the corporation.’ ”
Counsel for the defendant also rely on the case of Oklahoma Fire Ins. Co. v. Barber Asphalt Paving Co., 34 Okla., 148, a decision of the supreme court of Oklahoma. In that state the service of a summons on a corporation may be had upon the president, mayor, chairman of 'the board of directors or trustees or other chief officer, and the court had only to determine as to the sufficiency of a service upon a director of the corporation other than the chairman of the board, and, of course, reached the conclusion that such service was not authorized. To sustain the validity of -service under such circumstances would be a substitution by the -court of one officer for another.
A majority of the court are of opinion that under the evidence introduced in this case and by virtue of the authority of the sections of the General Code cited, service of summons on Augusta Rohn as vice president of the defendant company was authorized and was a sufficient service.
The judgment will therefore be reversed and -the -case remanded to the court of common pleas for further proceedings.

Judgment reversed, and cause remanded ■

Chittenden, J., concurs.
Kinkade, J., dissents.