Hamilton, J.
Error is predicated here upon the granting of the motion of the defendant below to quash and set aside the service of summons upon the defendant. Defendant appeared for the purposes of the motion only.
The defendant below was a Tennessee corporation, whose place of business was in Nashville. It had no agents residing in Ohio. It transacted its business in the different states in the Union by mail. It was engaged in the lumber business. All orders taken were subject to the approval of the home office in Nashville, Tennessee.
The suit instituted below was upon an alleged breach of contract arising out of an order taken for lumber by the Chicago agent of the defendant company while casually passing through Cincinnati, the place of business of the plaintiff.
At the time of the attempted service of summons in the action, Arthur B. Ransom, the president of the defendant company, was in Cincinnati in attendance upon the National Hardwood Association meeting, which was the annual meeting of the *137 Hardwood Association for a general review of the hardwood business. These facts appear in the deposition of Arthur B. Ransom, attached to the record. The return of the sheriff is as follows:

“Cincinnati, February 6, ipi8.

“Served the within named defendant, John B. Ransom & Company, a corporation existing and doing business in Tennessee, by delivering a true copy of this writ, with all endorsements thereon, personally to Arthur B. Ransom, president thereof.
“George F. Shott, Sheriff of Hamilton County, Ohio,
By Fred Sperber, Deputy ”
Was this service good ?
The court below granted the motion to quash the service on the ground that the defendant company was not doing business in the State of Ohio in a way that would bring it within the jurisdiction of the court, but held that if the defendant was amenable to suit, the president was the proper person to serve, under Section 11288, General Code, and, in support of that position, cited the case of Lively v. Picton, 218 Fed. Rep., 401, 406. While we agree with the court below that under the facts as disclosed by the deposition of Arthur B. Ransom, the president, that the president’s presence in •Ohio was merely temporary and incidental, and did not constitute doing business, within the meaning of the law, to afford a sufficient basis for service of summons here, we do not rest our decision wholly on that ground. We think service of summons on a foreign corporation, such as the defend *138 ant here, is controlled exclusively by Section 11290, General Code, which provides:
“When the defendant is. a foreign corporation, having a managing agent in this state, the service may be upon such agent.”
Service of summons under Section 11288, General Code, is limited to service upon domestic corporations and such foreign corporations as are therein described. (B. & O. Rd. Co. v. W., P. & C. Transportation Co., 32 Ohio St., 116, 135). The defendant corporation is not one of the foreign corporations therein described. While in the case of Lively v. Picton, supra, relied upon by the trial judge to bring the case within the purview of Section 11288, General Code,, is found an observation by the federal court that Section 11288 provided a permissive mode of service upon foreign corporations, that court did not rest its decision upon that point, as in that case the defendant company entered its appearance by demurrer to the plaintiff’s petition, and, further, it appeared that the by-laws of the company expressly gave the president general management of the business of the company.
In the case of Beach v. Kerr Turbine Co., reported in 243 Fed. Rep., 706, the court held that service of process in Ohio on a foreign corporation is controlled by Section 11290, General Code of Ohio, and cites with approval the case of Goode v. Druggists’ Association, 16 O. D., 586, wherein the trial court held that the only mode of obtaining service of summons on a foreign corporation was provided in Section 11290. The case of McCullough v. United Grocers’ Corp., 247 Fed. Rep., 880, was to the same effect.
*139 Under this view of the law service to be good upon a foreign corporation, such as the one in this case, must be made upon the' managing agent. The sheriff’s return shows only service upon* the president. To show proper service, in the return of the sheriff, it must appear that the service was made on the managing agent. It cannot be said that the president is ipso facto the managing agent of a corporation. It does not appear what the duties of the president were. No by-laws or record of any kind are in the record to show what the duties of the president were as appeared in the case of Lively v. Picton, supra. While the return of the sheriff might have been corrected to show that the president was the managing agent, it not so appearing in the return, it was incumbent upon the plaintiff to prove the fact that he was such managing agent. That the return must so show is supported by the cases of State, ex rel., v. King Bridge Co., 7 C. C., N. S., 557; Nieswonger v. Aetna Ins. Co., Dayton Term Rep., 154, and Fleckmyer Wheel Co. v. Commercial Wheel Co., 7 N. P., 613.
The point is made by the defendant in error that the judgment sustaining the motion to quash the service is not a final order from which error could be prosecuted. Since the point is sustained that the defendant was not amenable to suit in Ohio, under the facts in the case, the judgment was final, and the proceeding in error was proper. State v. Pennsylvania Steel Co., 123 Md., 212; Tatum v. Geist, 40 Wash., 575, and Cowden v. Stevenson, Wright’s Report, 116.
The case at bar is distinguishable from Towne v. National Machinery Co., 10 Ohio App., 265, for *140 that case involved an Ohio corporation having its situs and principal place of business within the state.
The judgment will be affirmed.

Judgment affirmed.

Cushing, J., and Richards, J. (of the Sixth Appellate District, sitting in place of ShoHl, P. J.), concur.