## SERVICE ON A "MANAGING AGENT."

Superior Court of Cincinnati.

SAMUEL ISRAEL *vs.* THE CHAMPION SHOE MACHINERY CO.

Decided, July 29, 1925.

*Summons—Service of on the Representative of a Non-Resident Corporation—Designating such Representative by some other Title does not Deprive him of the Attributes of a "Managing Agent"— Section 11290 should be Liberally Construed.*

1. A sheriff's return of service of summons which incorrectly describes the person served as the "mechanical representative" of defendant may be amended to show that the person served was in ,fact the "managing agent" in accordance with the statute.

2. The statute providing for service of summons upon the "managing agent" of a foreign corporation doing business within this state (Section 11290 General Code), should be liberally construed in order to make it easier to obtain jurisdiction over foreign corporations doing business in this state upon causes of action arising here, where adequate notice is in fact furnished by such service to the defendant and it would be a hardship to require a citizen of this state to pursue his remedy in a distant jurisdiction.

3. A non-resident agent sent into this state by a non-resident corporation for the purpose of installing or testing machinery, making sales, collecting accounts and adjusting or settling controversies with customers, is in fact a managing agent within the meaning and intent of the statute regardless of the fact that he calls himself a "mechanical representative" and is designated by his employer, as a "demonstrator."

*M. Froome Barbour,* attorney for plaintiff.
*Bolsinger & Benham,* attorneys for defendant.

MARX, J.

The question before the court is whether the motion of the defendant to quash the service of summons should be granted. The answer to this question depends upon whether Roy A. Westfall, the person upon whom summons was served, was a "managing agent" within the meaning of Section 11290 G. C. This section provides:

"When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent."

In the original return Roy A. Westfall was described as the "mechanical representative" of defendant. Upon motion, this court quashed this service as not being in compliance with the statute. Upon application, supported by affidavit of the sheriff to the effect that the description of Roy A. Westfall as a mechanical representative was a misnomer and inserted by mistake, and that he was in fact the managing agent of the defendant, leave was given the sheriff to amend his return.

In our opinion there is no doubt of the sheriff's right to amend an incorrect return. This is directly held in *Burton* v. *Buckeye Insurance Co.*, 26 O. S., 467, in which the court permitted a summons, which named the wrong defendant but which was served upon the right defendant, to be amended by naming the right defendant after the period limited by an insurance policy for the commencement of an action had expired.

This decision was followed in *Hankinson* v. *Natural Gas Co.*, 10 N. P. (N. S.) 269, in which the sheriff was permitted to amend a return which described the person served as the "business manager" by showing that he was in fact the "managing agent." The power to make such amendment is specifically stated by our own Court of Appeals in *Hurd* v. *Ransom & Co.*, 31 O. C. A., 477, at page 480, in which the court set aside a service upon "the president" of a corporation but said:

"While the return of the sheriff might have been corrected to show that the president was the managing agent, it not so appearing in the return, it was incumbent upon the plaintiff to prove the fact that he was such managing agent."

To the same effect is *McCullough* v. *United Grocers Corp.*, 247 Fed. Rep., 880, in which the summons was held defective because served on the "secretary and treasurer," but the

court after saying that he was not necessarily the managing agent, concluded at page 882:

"If he is, the return could be amended by the marshall to show that fact, and the service already made would be good."

The amended return recites that on June 16th, 1924, the defendant, a corporation under the laws of Missouri, was served by delivering a copy of the summons "personally to Roy Westfall, managing agent thereof, no chief officer being found."

The defendant's motion is to quash the service of summons and strike this amended return of the sheriff from the files on the ground that Roy A. Westfall was not at the time of said service, the managing agent of the defendant.

The question of fact presented by this motion was heard by the court upon oral evidence and affidavit.

From the evidence, it appears that the plaintiff was employed by the defendant to sell its machines in the city of Cincinnati and surrounding territory and that he managed the business of the defendant in this vicinity including the giving of instructions as to the use of machines, obtaining settlements on the same, etc. After this employment ceased, Roy Westfall was sent to Cincinnati to look after the business of the defendant pending the appointment of a regular representative in place of the plaintiff. While in Cincinnati, Westfall was served personally with the summons in this action. The affidavit of Westfall, himself, states that he is a resident of Iowa and is employed by the defendant as a demonstrator.

In describing his duties, he says that they consist in,

"the giving of instructions to customers as to the operation of new machines shipped to customers, and after said instructions are given, to obtain settlement from customers, according to the terms of the contract of sale; that is, to collect any money that is then due, and to see that the proper papers are executed, in order to secure any part of the purchase price that is not paid; * * * his duties also consist in collecting such accounts of customers as are delin-

quent and in arrears; that if, in the pursuance of such duties, it so happens that a particular customer does not make payment of his delinquent account, that then it is his duty to take possession of the machine bought by the customer and to endeavor to sell it to some other customer or to ship it back to St. Louis  *  *  *.

"His duties also include the attending to trouble calls; that is, upon complaints being made by customers that their machine is out of adjustment, as a consequence of which they cannot use it, that then it is his duty to see the customer and to re-adjust the machine."

It further appears that in the performance of these duties he tested a machine installed in Cincinnati for a customer, solicited business for the defendant, made a sale, collected the proceeds thereof, (affidavit of S. Rappaport) and made a settlement and adjustment of a controversy between the defendant and a customer which included the receipt of money and machinery (affidavit of Wm. Unterman).

Under these circumstances, the weight of authority is to the effect that the installation of machinery, the settlement and adjustment of disputed claims, and the making of sales constitutes doing business within the state and the authority granted to the agent of the defendant to do these things constitutes him a managing agent within this state for the purpose of service of summons.

The fundamental purpose of service of summons is to give notice to the defendant of the pendency of the action against it and to give this notice to such person and in such manner that the defendant may have the fullest opportunity to defend itself and assert its rights. Service of summons upon Roy Westfall was sufficient to accomplish the purpose of service of summons in the present case. There is no question that prompt notice of the pendency of this action was thereby obtained by the defendant and that it has every opportunity to present its defense and assert its rights in this case and in this jurisdiction, where the cause of action arose and where the witnesses reside. No injustice is done the defendant, which is actually in court, by requiring it to answer to the

merits. Considerable injustice might be done to the plaintiff by requiring him to pursue the defendant in a distant jurisdiction where the witnesses would not be available for examination in court. These considerations have induced the courts to give a liberal construction to statutes providing for service of summons upon foreign corporations doing business within the state where the service is obtained, and to sustain the service where no injustice is done thereby, rather than to defeat the same and thereby work an undue hardship on one of the parties. The authorities pro and con upon this question may be found collected in the annotations upon the subject in 23 L. R. A. 496; and 4 L. R. A., (N. S.), 460.

Although in determining questions of this character each case must depend upon its own peculiar facts, we agree with the general definition of managing agent given by the Court of Appeals of New York in *Coler* v. *Pittsburgh Bridge Co.*, 146 N. Y., 281, in which it is said that the person served need not be "precisely described as that of managing agent; because, as we think * * * it was intended that any person holding some responsible and representative relation to the company, such as the term managing agent would include, might be served with summons."

Among the many cases upon this question, we select the following as illustrating and supporting the conclusions announced herein.

In *Mutual Life Insurance Co.* v. *Spratley*, 172 U. S., 602, a Connecticut corporation did a life insurance business in Tennessee until 1894, when it ceased issuing any new policies in Tennessee and withdrew its agents from the state. Subsequently, one of its policy holders died and the company sent one of its agents to Tennessee to "act under its instructions in the investigation and adjustment of the claim."

He was authorized to compromise upon terms stated by the company. While in Tennessee, he was served with process in a suit by the beneficiary of the policy. The Supreme Court of the United States held that this service was good. The court said the acceptance of premiums (like the collection of ac-

counts in the present case) was the doing of business. The court further said that his agency was sufficiently representative.

"He did not leave his character as agent when he entered the state. On the contrary, it was as agent and for the purpose of representing the company therein that he entered the state, and as agent he was seeking a compromise of the company, and therein representing it. Why was he not such an agent as it would be proper to serve process upon?"

The Court quotes with approval from *Lafayette Insurance Co.* v. *French,* 18 How., 404, in which an Ohio Statute authorizing service of process upon foreign insurance companies was upheld, saying:

"The process was served within the limits and jurisdiction of Ohio, upon a person qualified by law to represent the corporation and in respect to such service; and notice to him was notice to the corporation which he there represented, and for whom he was empowered to take notice."

The Court also discusses the fact that the agent was not a resident of the state and concludes that as the agency is sufficient, his residence is immaterial.

In *Pennsylvania Lumbermen's Mutual Fire Insurance Co.,* v. *Meyer,* 197 U. S., 407, the question again came before the Supreme Court. The Insurance Company did its business in Pennsylvania and had no agents or officers in New York, but when a loss occurred it sent its adjusters into New York to adjust the loss. The Court said at page 414:

"When, under the terms of the contract, the company sends its agent into the state where the property was insured and where the loss occurred, for the purpose of adjustment, it would seem plain that it was then doing the business contemplated by its contract, within the state  *  *  *. If not doing business, in such case, what is it doing"

The court then concludes that service of summons upon a director was valid and that it would be "most unwise to hold" that a person who suffers a loss under a contract can

only obtain redress in the courts of the state where the company was incorporated.

In the latest case in the Supreme Court, summons upon the agent of a company doing business in Kentucky in a rather close case was sustained and the lower court reversed for quashing the service. *Herndon-Carter Co.* v. *Norris Son & Company,* 224 U. S., 496.

The question of who is a managing agent has been before our own Supreme Court upon several occasions. The cases most cited are the *American Express Co.* v. *Johnson,* 17 O. S., 641, and *Railroad Co.* v. *Transportation Co.,* 32 O. S., 116, at page 135, the latter case having been commenced in the Superior Court of. Cincinnati.. The Supreme Court refused to disturb the finding of the Superior Court holding the person served to be a managing agent and said:.

"We agree with the view taken by counsel for defendant in error, that the tendency of legislation and the policy of the law is to facilitate the obtaining of service upon foreign corporations. Their business brings them in such close connection with the people of our state that it is desirable they should be made amendable to our laws as far as practicable instead of having our citizens seek other jurisdictions in which to enforce their rights."

In *Toledo Computing Scale Co.* v. *Computing Scale Co.,* 142 Fed. Rep., 919, in which case Judge John W. Warrington and the Honorable John A. McMahon were counsel, the United States Court of Appeals for this district held that service upon an agent of the defendant who performed many of the. duties imposed upon Westfall in the present case, was service upon a managing agent. Commenting upon the Ohio cases, Judge Severens said:

"The Ohio Supreme Court evidently intended to give a liberal interpretation to the statute to facilitate the obtaining of jurisdiction of foreign corporations doing business in the state and held that one who chiefly represented the corporation in a locality where it was doing business was its managing agent there. And indeed a construction of this statute which restricted the meaning to one who was a general manager would very much limit its utility."

*Bentley* v. *Chivers & Sons*, 215 Fed., Rep., 959, is analogous to the care at bar. In that case an English company sent an agent to America with authority to cancel a specific contract and make a settlement of the agency account. He was described as an "Entomologist." He was served by the plaintiff as the managing agent of the defendant in America. The defendant claimed it was not doing business in this country and that its representative was certainly not a "managing agent." However, this court held that it was immaterial that he was called an "Entomologist" just as it is immaterial in the present case that Westfall is called a "mechanical representative" or "demonstrator." The court said the true question is:

"Is he clothed by the defendant with such general powers and duties that he is, in fact, the alter ego of the defendant? He may be called the corporation's entomologist or engineer or attorney, but if in fact he be clothed with general powers to act for the corporation he becomes, *pro hac vice*, its managing agent. * * *

"To dismiss this suit, *in limine*, would be a practical denial of justice; it would prevent a trial in this country where the cause of action arose and where most of the witnesses reside and compel the commencement of a new action in the courts of England."

We conclude by referring to *Beach* v. *Kerr Turbine Co.*, 243 Fed. Rep., 706, in which Judge Westenhaver, in a most excellent opinion held that a non-resident agent sent into this state by a non-resident corporation to install machinery may properly be served as a managing agent under the Ohio statute. He distinguishes cases which define doing business within the meaning of statutes fixing the conditions under which foreign corporations may engage in business and statutes permitting corporations to be served with summons as follows:

"In the former it is, of course, a more or less continuing course of business which is meant to be regulated, whereas in the latter the object sought is only to give notice to a corporation of a pending action. The tendency is to hold that

whatever is reasonably effective for this purpose is a good service.''

In the present case Westfall was sent into the state by the defendant to test machinery, to look after its proper installation; to collect money; to make adjustments of disputed accounts; to settle controversies; to make sales and in general to further the business interests of the defendant. The defendant was certainly doing business in this state. It had no other representative here except Westfall. Westfall was clearly the agent of the defendant and with respect to its business, he was its managing agent within the intent and meaning of the Statute. As Judge Westenhaver says:

''During the time it is thus performing these necessary acts, it is entitled to police protection and to the privileges of a citizen of the state of Ohio. In this instance the time necessary to complete the contract may be short, and the amount of business to be done may not be very great. In other cases, to which the same rule must apply, the foreign corporation might remain in the state months, and even years, performing its contract. Is it not during that time doing business, within the meaning of laws authorizing foreign corporations coming into a state and doing business there to be sued; and is it not true that the person in charge of such business is its ''managing agent'' with respect thereto, upon whom summons may be served? In our opinion, under such conditions, which are the facts of this case, a foreign corporation is doing business in the state, and the person in charge and chiefly representing it becomes a ''managing agent'' for the purpose of being served with process.''

For these reasons we are of the opinion that the motion to quash the service of summons must be overruled.