URSCHEL v. HANNIN

Ohio Appeals, 6th Dist., Lucas Co.

No. 1758.  Decided Jan. 10, 1927

1085.  SERVICE—Where defendant lives out of jurisdiction, a letter written to him expressing a belief that a settlement could be made is not of such a character as to entice him into a court's jurisdiction and it is error for a court to quash service of summons thereon.

791. MOTIONS AND ORDERS—Where one person lives out of a jurisdiction and a service of summons is quashed on ground that he was enticed into jurisdiction and costs entered for him, it is such a final order upon which proceedings in error can be taken.

First Publication of this Opinion

WILLIAMS, J.

The Lucas Common Pleas quashed service of summons upon M. P. Hannin upon the ground that he had been enticed into the jurisdiction of the court and service obtained. Hannin was a resident of California and he came into this jurisdiction soon after receiving the following letter:

"Mr. M. P. Hannin,
4373 South Van Ness Ave.,
Los Angeles, Calif.

My dear Mike:—

When you were last in Toledo, I believe you mentioned that you would be willing to talk business with me relative to the Lime Products Company which is under your control in Los Angeles.

We are quite anxious that this matter be cleared up, owing to our interest in Urschel's affairs, and I would like very much to be helpful in bringing about some satisfactory arrangement. The only information I have relative to this matter has come from you, and I would personally appreciate it very much if you would write me giving me particulars and suggesting some manner in which I might be helpful in bringing about a settlement of this dispute.

I sincerely hope that you will be able to give me an opportunity to render some assistance in this matter. There is some selfishness on my part in trying to accomplish something, but you know very well that I have always entertained a very high regard for you and have been interested in your affairs.

With kind regards, I remain very truly yours,

(Signed) J. T. Rohr,
Vice President."

Upon these facts and the letter supra, the Court of Appeals held:

1. The principle is well established that valid personal service cannot be obtained by inveigling or enticing a person into the territorial jurisdiction of a court by means of fraudulent representations, tricks or devices.

2. The letter, however, merely expressed the belief that a settlement could be made. Upon receipt of same Hannin came into the jurisdiction without even an invitation. His coming was merely voluntary, for this reason the court committed prejudicial error.

3. There is some question whether under 12558 GC. this action was a final order upon which error could be taken.

4. The trial judge after quashing service entered a judgment for Hannin for costs, there was a question of jurisdiction and if motion was properly sustoined the question of jurisdiction was effectually determined and the case ended.

5. Even though there was no dismissal of the petition by the trial court we are of the opinion that the action of the court constituted a final order. 100 OS. 73, 82; 84 OS. 283, 288.

Judgment reversed.

(Culbert & Richards, JJ., concur.)

Attorneys—Marshall, Melhorn, Marlar & Martin for Urschel; R. F. Connelly and Ivo J. Flory for Hannin; all of Toledo.