## PUTHOFF v OWENS-ILLINOIS GLASS CO., et

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5431. Decided Dec. 19, 1938.

Walter K. Sibbald, Cincinnati, for appellant.

Williams, Eversman & Morgan, Toledo and Maxwell & Ramsey, Cincinnati, for appellees.

### OPINION

By MATTHEWS, J.

This is an appeal from an order of the Court of Common Pleas of Hamilton County sustaining a motion to quash service of summons made upon Owens-Illinois Glass Company, an Ohio corporation, with its principal place of business in Toledo, Lucas County, in this state.

The action is one for damages on account of personal injuries by the purchaser of a beer dispenser, for conditioning beer for use as a beverage, against the manufacturer, the whole-saler and the retailer who sold it to the plaintiff.

The service of summons issued for Owens-Illinois Glass Company was served by leaving a copy "at its office and usual place of business, and in the hands of A. W. Moore, its Cincinnati Branch Manager, the person in charge thereof, no chief or other officer being found." This service took place in Hamilton county.

The motion to quash this service was upon two grounds: (1) That the action was not brought within the proper county as required by §11272, GC; and, (2) That the service was not made in accordance with the provisions of §11288, GC.

The trial court found "Upon the evidence, that the service of summons, in the manner indicated * * * is ineffective and invalid as service * * * The Court therefore find said motion well taken, and, therefore, sustains the same." The court then ordered that the service be "vacated, set aside, and quashed as against and upon the defendant Owens-Illinois Glass Company at the cost of plaintiff." Neither at that time nor at any subsequent time did the court enter any judgment dismissing Owens-Illinois Glass Company. The action is still pending against it.

In every court, before proceeding to consider and determine the cause brought before it for adjudication, it is necessary to determine whether the court has acquired jurisdiction over the person of the defendant as well as jurisdiction over the subject-matter. The trial court determined that the service made in this case was not sufficient in law to give it jurisdiction over Owens-Illinois Glass Company, and, as no other or further service has been made upon it, that court has not assumed to adjudge the merits of the cause, so far as that defendant is concerned, and will not unless it reconsiders and reverses its action, or this court should adjudge that the service of summons is sufficient to give it jurisdiction.

But this court before proceeding to consider whether that service of sum-

mons is sufficient in law must likewise look to the power that has been conferred upon it to determine whether it has the power to decide the question on the state of the record brought before it. Until that investigation discloses jurisdiction, it has no right to speak on the merits of the issue between the parties. As often as the question has arisen in this court we have pointed out that the jurisdiction of this court is conferred and limited by Sec. 6, Art. IV, of the Constitution, and, as stated in that section, the jurisdiction conferred over non-chancery actions is to review, affirm, modify or reverse the judgments of the courts of common pleas and other courts of record. As construed by the Supreme Court in a long list of decisions, this constitutional provision precludes the legislature from either enlarging or curtailing the jurisdiction conferred by it. Cincinnati Polyclinic v Balch, 92 Oh St 415; Chandler & Taylor Co. v Southern Pacific Co., 104 Oh St 189.

However, the Supreme Court has decided that in construing the Constitution a narrow and technical definition of the word "judgment" should be avoided and accordingly has held that it comprehends all decrees and final orders, which determine the rights of parties affected thereby. Id.

The nature of the order appealed from would naturally suggest a doubt as to whether it represents that final disposition of the case by the trial court that could be reviewed by this court. All the court has done has been to hold that the particular service of summons was not in conformity to law. It has not held that service could not be made upon the defendant so as to confer jurisdiction. It has not disclaimed jurisdiction of the subject-matter. Notwithstanding this order appealed from, the case is still pending against this defendant in the Common Pleas Court awaiting a proper service of summons on the defendant, so that the court may, as to it, exercise its jurisdiction over the subject-matter. No order of dismissal of the action has been entered. Certain cases have been

cited bearing upon the question of whether an order quashing service of summons comes within the definition of a judgment.

In Towne v National Machinery Co., 10 Oh Ap 265, such order quashing service of summons upon an Ohio corporation was held not to be a final order or judgment from which error could be prosecuted. However, it appeared in that case that at the time the order quashing the service was entered it had been the intention of the court to follow it with a dismissal of the case and when the record was corrected by a nunc pro tunc entry to that effect, the Court of Appeals held that it had jurisdiction to review the record.

In Hurd v John B. Ransom & Co., 13 Oh Ap 135, the court held that error could be prosecuted from an order quashing service upon a non-resident corporation, the Court distinguishing the case from Towne v Machinery Co. on the ground that in that case the defendant was an Ohio corporation and in the case before it the defendant was a foreign corporation.

In Berman v MacGregor, 7 Abs 405, the court had before it a record which showed an order quashing the service of summons, but no dismissal of the action, and on the hearing of a motion to dismiss the error proceedings the Court of Appeals sustained the motion saying:

"In the case of Towne v The National Machinery Company, 10 Oh Ap 265, Judge Richards writing the opinion of the Court in the Sixth District, in which motion to certify the case was overruled February 5th, 1928, held that an order granting a motion to quash service of summons was not a final order from which error could be taken; that it was necessary to have the case disposed of and a final entry in the case before an error of that kind could be prosecuted, and we are inclined to follow that authority."

The sustaining of a motion to quash service of summons places a plaintiff in a position analogous to that in

which he finds himself when a demurer to his petition is sustained. Neither order affects the continued pendency of the case. The plaintiff may still be able to amend his petition, so as to state a cause of action in the one case, or obtain service upon the defendant in the other, so that the court may grant to him all the relief to which the merits of his case entitle him. Or the court may by later order set aside its original ruling and sustain the sufficiency of the pleading or service. And the court up to that point has done nothing to prevent it from exercising its full jurisdiction to grant relief to the plaintiff. But the facts may be such that the plaintiff can not strengthen his claim by amendment or the service of summons which the court has quashed may be the only service that can be obtained upon the defendant. Or it may be that regardless of the ability to strengthen his allegations or to obtain another and different service, the plaintiff may deem what he has done as sufficient in law—in other words, he may conclude that the court has erred in sustaining the demurrer or the motion to quash. In any event, he must reach a conclusion as to whether he has stated a cause of action within the jurisdiction of the court against a defendant upon whom legal process has been served. If he reaches the conclusion that his petition states all the facts and that he does not desire to further prosecute the action by amending his petition he should so state to the court, whereupon the court should and would enter judgment dismissing his action at his costs. In the other situation, if he reaches the conclusion that the service is sufficient in law and that he does not desire to attempt to obtain any other or different service upon the defendant, he should state that to the court, whereupon the court should and would dismiss his action at his costs for failure to prosecute. The result in each instance would be the same—the end of the litigation in that court. so long as the action of the court remained unchanged; and the power of the court to change it at its discretion

would terminate on the expiration of the term at which the journal entry had been made. And that is the test by which to determine whether an order of a court has that finality that meets the test of a judgment as that term is used in **Sec. 6, Art. IV, of the Constitution,** conferring jurisdiction upon this Court.

The state of the record in this case is the same as the record was in Towne v Machinery Co., supra, as originally presented, and, upon which the ccurt announced that it was insufficient to confer jurisdiction. There is no suggestion in this case as there was in that case that the plaintiff disclaimed to the court the intention of seeking further process against this defendant or that it was the intention of the trial court to dismiss the action upon sustaining the motion. We are not, therefore, presented with the situation which caused the court in that case to hold it until the trial court could correct its record by a nunc pro tunc entry dismissing the action and the corrected record, certified to the appellate court.

For these reasons, this action is dismissed for lack of jurisdiction to hear and determine it.

ROSS, PJ. & HAMILTON, J., concur.

## APPLICATION FOR REHEARING

No. 5431. Decided Jan. 15, 1939.

By MATTHEWS, J.

We have examined the application for a rehearing and find that no reason not already urged upon us and no authorities not considered upon the submission of the case are presented. From the authorities cited, we selected for notice in our opinion those which would make manifest the reason for our conclusion, and in the interests of brevity refrained from commenting on those which in our view furnished no basis for an answer to the question before us. We placed **Urschel v Hannin, 25 Oh Ap 368; Gorey v Black, 100 Oh St 73; Allen v Smith, 84 Oh St 283; Can-**

ton Provision Co. v Gauder, 130 Oh St 43, and Gauder v Canton Provision Co., 56 Oh Ap 170, in the latter category.

In Urschel v Hannin, supra, it appears that the trial court had entered judgment for costs. As we understand the languge used this was a judgment for all the costs of the action in favor of the defendant, and finally disposed of the case, and was not merely an order imposing the costs of an ineffective service upon the plaintiff who caused such costs for which he would be liable in any event and without any order of the court and which order, if made, would not be reviewable. Hart v Murray, 3 C. C. 431. Furthermore, the defendant was a non-resident of Ohio.

In Allen v Smith, 84 Oh St 283, Gorey v Black, 100 Oh St 73, and Canton Provision Co. v Gauder, 130 Oh St 43, the Courts of Appeals had rendered judgments of affirmance at the costs of the appellants, and it was these judgments that were under review in the Supreme Court. There can be no doubt that the Supreme Court had jurisdiction to so do. In each case the judgment of the Court of Appeals was reversed, and in doing so the court passed upon the merits of the ruling by the Court of Common Pleas upon a motion to quash service of summons. Undoubtedly in doing this the Supreme Court inferentially sustained the jurisdiction of the Court of Appeals to review that order. However, the jurisdictional question was not placed in the syllabus or discussed in the opinion. The court, therefore, announced no rule for our guidance. The most that can be said is that it was a question "lurking in the record", which might have been flushed from cover, so that it would be noticed by the court, but was not.

The same observation is applicable to Canton Provision Co. v Gauder, 56 Oh Ap 170. The question here presented was not discussed.

In 11 O. Jur. 773, it is said:

"It is a well established rule that a reported decision, although in a case where the question might have been raised is entitled to no consideration whatever as settling by judicial determination a principle not passed upon or raised at the time of the adjudication."

See also: 14 Am Jur., 291.

Counsel urges that the order should be considered final and a judgment, because there is no possibility of making any other service upon the appellee. If that is the situation, all that needs to be done to lay the predicate for a review by this court is to state that fact to the Common Pleas Court and undoubtedly the appropriate final judgment dismissing the appellee with its costs will be entered.

For these reasons, the application for a rehearing or to certify is denied.

ROSS, PJ. & HAMILTON; J., concur.