UTHOFF, APPELLANT, *v.* DUBRIE ET AL.; SCHMIDT, APPELLEE.

(Decided May 8, 1939.)

*Messrs. Brown & Sanger* and *Mr. Sholto M. Douglas,* for appellant.

*Messrs. Kirkbride, Boesel, Frease & Cole,* for appellee.

CARPENTER, J.  Plaintiff, while engaged as an employee of defendant DuBrie, a resident of Ottawa county, Ohio, was riding with him in his automobile in Wyandot county, Ohio, where a collision occurred between that automobile and one being driven by the defendant Schmidt, a resident of Wyandot county, and plaintiff sustained injuries for which he brought this action in Lucas county against both DuBrie and Schmidt, claiming that the negligence of both caused his injuries.  He caused summonses to be issued, one to the sheriff of Lucas county for DuBrie, and one to the sheriff of Wyandot county for Schmidt, and personal service was duly had upon both.

Schmidt filed a motion to quash the service of summons on him for the reason that he was a resident of Wyandot county "and this action is not properly brought in Lucas county, Ohio, against this defendant."  The trial court granted this motion for the reasons stated in the motion, and the service of summons on Schmidt "is quashed, vacated, and set aside and held for naught," so the entry recites.  From this order the plaintiff appealed on questions of law.

Schmidt filed a motion to dismiss the appeal for the reason that the order appealed from is not a judgment or final order within the meaning of Section 6, Article IV of the Constitution of Ohio.  This motion is overruled.  So far as Schmidt was concerned, this order "determines the action and prevents a judgment," and was final as to him. Section 12223-2, General Code; *Allen* v. *Smith,* 84 Ohio St., 283, 288, 95 N. E., 829, Ann. Cas. 1912C, 611; *Gorey* v. *Black,* 100 Ohio St., 73, 82,

125 N. E., 126; *Rinehart, Admr.,* v. *Furnace Co.,* 32 C. C. (N. S.), 476, 35 C. D., 817; affirmed, *Furnace Co.* v. *Rinehart,* 108 Ohio St., 117, 140 N. E., 623; *Urschel* v. *Hannin,* 25 Ohio App., 368, 158 N. E., 550.

The error assigned is the quashing of the service of summons.

Schmidt contends that Section 6308, General Code, controls the venue of this action; it provides that this type of action "may be brought * * * in the county wherein such injury occurs," and therefore this action against him should have been brought in Wyandot county.

This section does not change any process statutes existing at the time it was enacted—it merely enlarges the venue statute to provide for a situation which arose with the coming of the motor vehicle. Looking to the older process statutes, Section 11277, General Code, first challenges attention. It provides that actions like this one "must be brought in the county in which a defendant resides or may be summoned." DuBrie did not reside in Lucas county but he was properly summoned there, hence the action was rightly brought there as to him. Section 11282, General Code, says:

"When the action is rightly brought in any county * * * a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request * * *."

This case fits that statute exactly. By the terms of the petition the claimed damages were caused by the joint or concurrent wrongful acts of the two defendants, hence they could be properly joined. *Transfer Co.* v. *Kelly,* 36 Ohio St., 86, 90, 38 Am. Rep., 558; *Maloney* v. *Callahan,* 127 Ohio St., 387, 391, 188 N. E., 656.

It being a joint liability, and "rightly brought" as to DuBrie in Lucas county, when he was personally

served even though he did not reside there, Schmidt could be and was properly served in Wyandot county.

The manifest purpose of Section 11282, General Code, is to make it possible for a wronged party in any transitory action like this, to seek his remedy in one action and not be required to pursue it in two or more separate actions in as many other jurisdictions, just because it so happens that his wrongdoers reside in different counties of the state. When one defendant has been properly served, whether personally as in this case, or by residence service or even by waiver (*Gorey* v. *Black, supra*), the requirements of the statutes have been satisfied and other defendants may be brought in by nonresident service. In *Maloney* v. *Callahan, supra,* the court concluded that the nonresident defendant was not discharged by the dismissal of the resident defendant until it was established that the resident party was not liable for the wrong. When that is judicially established, a judgment cannot be entered against the nonresident. *Stark County Agricultural Society* v. *Brenner,* 122 Ohio St., 560, 172 N. E., 659; *Bucurenciu* v. *Ramba,* 117 Ohio St., 546, 159 N. E., 565.

The three last-cited cases are illustrative of the principle, purpose and limitations of Section 11282, General Code.

The trial court erred in granting the motion to quash the service of summons and its judgment is reversed and the cause is remanded to that court with directions to the court to overrule that motion and to proceed with the case.

*Judgment reversed and cause remanded.*

OVERMYER and LLOYD, JJ., concur.