MASON, Admr., Plaintiff-Appellant, v. CITY OF CINCINNATI
et, Defendant-Appellees.

Ohio Appeals, First District, Hamilton County.

No. 7444. Decided June 25, 1951.

Lindhorst & Driedame, Cincinnati, for plaintiff-appellant.
Corry, Durfey, Martin & Browne, Springfield, for Dr. William Garrett Rice.

### OPINION

Per CURIAM.

A motion has been made to dismiss this appeal on questions of law. In the Common Pleas Court of Hamilton County a motion to quash service of summons was made and sustained.

The final entry from which such appeal was taken is as follows:

"This day this cause came on to be heard upon the motion of the defendant Dr. William Garrett Rice, to quash service of summons, and being submitted to the Court by the briefs and arguments of counsel, the Court being fully advised in the premises, finds said motion well taken and should be sustained, and

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DE-CREED, that the said motion be and the same hereby is sustained and that the issuance and service of summons on the defendant, Dr. William Garrett Rice, and the return of service thereon be and the same hereby are set aside and vacated, Plaintiff is granted leave to amend within 30 days. To the ruling of the Court, the plaintiff duly excepts."

This is not a final order from which appeal may be taken to this Court. Puthoff v. Owens-Illinois Glass Co., 18 Oh Ap, 282, 30 Abs, 653; State, ex rel. v. Industrial Commission, 132 Oh St, 13, and the appeal must be dismissed.

At the oral hearing, all counsel expressed a desire to have the Court express its conclusion, as if a final order dismissing one defendant from the case had been entered, and the Court, although doubting the propriety of the procedure, acquiesced in the common wish of counsel.

However, upon examination of the petition and an entry of the trial court granting a motion to strike allegations from the petition, (the plaintiff having failed to amend such petition, although thirty days were permitted to amend) it becomes apparent that the petition states no cause of action against anyone. In most cases the allegations being wholly unintelligible owing to the deletion authorized by the Court.

This Court can not draft the kind of a petition the plaintiff thinks he has or might file and then proceed to pass upon vague suggestions of counsel as to what might result if proper allegations were made.

Apparently, the plaintiff thinks he has some right of action under the provisions of §9889 GC. Whether he has or has not, it is now impossible to state. It may be stated, however, that in no way does it appear from what is before the Court that there could be any joint liability of the surgeon with the City under the provisions of this or any other section of the Code. Sec. 9889 GC, incidently is placed in the Chapter thereof dealing with "Private Corporations." Nothing in this §9889 GC, indicates that a municipal corporation was intended to be included in the terms "persons, associations and companies."

It is clear that the liability of a political subdivision of the State, exercising the police power invested therein, is limited to definite statutory authority.

The extent of the present action of this Court is limited to the dismissal of the appeal, and an entry may be presented accordingly.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur.