MACKEY, APPELLANT, *v.* ELLIOTT, ADMX., APPELLEE.

(No. 283—Decided October 20, 1958.)

*Mr. Lowell S. Petersen,* for appellant.
*Messrs. Moon & Wilber,* for appellee.

*Per Curiam.* This is an appeal on questions of law from an order of the Common Pleas Court quashing service of summons on motion therefor, made under special appearance of the defendant, and ordering the plaintiff to pay the costs thereof.

In her petition, plaintiff alleges the appointment by the Probate Court and the qualification of the defendant as executrix of the estate of Emma McRitchie, deceased, and the rejection of her claim in the sum of $3,100 for services rendered the decedent, for which plaintiff prays judgment. Pursuant to praecipe therefor, personal service was had upon "William L. Moon, agent and attorney for defendant."

The record on this appeal discloses a motion of the defendant under special appearance to quash the service of summons for the reason that the manner of attempted service on the defendant was contrary to law and the purported service obtained thereby was a nullity. The journal entry recites merely that the motion should be sustained and that the service of summons issued is quashed and held for naught, at plaintiff's costs, but the petition was not dismissed.

The service was sought to be made pursuant to the provisions of Section 2109.03, Revised Code. Although the caption of the case recites the residence of the defendant in Boulder, Colorado, there is no finding that the defendant was absent

from the state or that the defendant had appointed the person upon whom substituted service was had as her counsel or that his name had been filed in the Probate Court as provided by Section 2109.03. For aught the record reveals, valid alias service can be had upon the defendant. Cf. Section 2703.14 (J), Revised Code. Under such circumstances, the quashing of service of summons is not a final appealable order. *State, ex rel. McCale,* v. *Industrial Commission,* 132 Ohio St., 13, 4 N. E. (2d), 263; *Towne* v. *National Machinery Co.,* 10 Ohio App., 265; *Berman* v. *MacGregor, Admr.,* 7 Ohio Law Abs., 405; *Puthoff* v. *Owens-Illinois Glass Co.,* 30 Ohio Law Abs., 653, 31 N. E. (2d), 684; *Carr* v. *Marion Masonic Temple Co.,* 67 Ohio App., 521, 37 N. E. (2d), 974; *Mason, Admr.,* v. *City of Cincinnati,* 94 Ohio App., 522, 102 N. E. (2d), 740; *Central Ohio Emulsion Co.* v. *William Whitman Co.,* 99 Ohio App., 102, 128 N. E. (2d), 237. Cf. *Hurd* v. *John B. Ransom & Co.,* 13 Ohio App., 135; *Urschel* v. *Hannin,* 25 Ohio App., 368, 158 N. E., 550; *Uthoff* v. *DuBrie,* 62 Ohio App., 285, 23 N. E. (2d), 854; 2 Ohio Jurisprudencce (2d), 612, Section 43; 30 A. L. R. (2d), 314. Although the cases in Ohio seem to be in conflict in result, analysis discloses that the finality of an order sustaining a motion to quash service depends upon whether it is accompanied or followed by dismissal of the action or whether, in the absence of dismissal, the effect of such order is to terminate the proceeding as far as the plaintiff's rights are concerned. 30 A. L. R. (2d), 312. No such finality is disclosed by the record upon this appeal.

We are therefore unable to determine the claimed error sought to be reviewed upon this appeal—whether valid service was had pursuant to the provisions of Section 2109.03, Revised Code.

The appeal is dismissed *sua sponte,* and the cause is remanded to the Common Pleas Court for further proceedings according to law.

*Appeal dismissed.*

DEEDS, P. J., FESS and SMITH, JJ., concur.