**OHIO EDISON CO., Plaintiff-Appellee, v. WARNER COAL CORPORATION, et al., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20335. Decided December 5th, 1946.

Burgess, Fulton & Fullmer, Cleveland, and Slabaugh, Guinther, Jeter & Pflueger, Akron, for plaintiff-appellee.

Carl G. Bachmann, for Trustee of defendant-appellant.

HILDEBRANT, P. J., MATTHEWS & ROSS, JJ., of the First District, sitting by designation in the Eighth District.

## OPINION

BY THE COURT:

The plaintiff has appealed from a judgment entered against it at the close of the plaintiff's evidence, and the defendant A. Spates Brady, as Trustee in bankruptcy of The Warner Coal Corporation, has cross-appealed from a judgment dismissing his cross-petition entered at the same time.

In this action the plaintiff is seeking to charge the W. H. Warner & Co., Inc., with responsibility for debts ostensibly incurred by The Warner Coal Corporation—a distinct legal entity.

A reading of the record discloses that for a considerable period before the happening out of which this law suit arose the W. H. Warner & Co. acted as selling agent for certain West Virginia coal mines and as such selling agent sold coal to the plaintiff. For reasons unimportant here the owners of the mines desired to sell them. The plaintiff was interested in preserving a source of coal supply and The W. H. Warner & Co.,

Inc., was interested in continuing its relation as selling agent for the mines. They set themselves to the task of devising some plan to accomplish their respective desires. At first, they considered the plan of having the plaintiff buy the mines and employ W. H. Warner & Company, Inc., to supervise their operation. This plan was abandoned because of the unwillingness of the plaintiff to proceed. Then the plan was devised and executed, whereby The Warner Coal Corporation was organized. Its entire capital stock of $50,000.00 was subscribed and paid for by W. H. Warner & Company, Inc., and the plaintiff advanced $100,000.00 as a pre-payment on coal to be delivered. Another corporation, The Cleveland Cliffs Iron Company advanced $50,000.00, also for coal to be delivered.

After The Warner Coal Corporation was duly organized it entered into a contract with W. H. Warner & Co., Inc., to act as selling agent and perform most of the management of the corporate affairs.

It is clear from the record that the purpose of W. H. Warner & Company was to continue the relation of selling agent for the coal mines and not to become the owner thereof with its attendant responsibilities—and this purpose must have been fully understood by the plaintiff. There is no doubt that all the forms of law were complied with at all times to accomplish this purpose unless the fact that W. H. Warner & Company, Inc., owned all the stock of the Warner Coal Corporation and the two corporations had the same officers defeats that purpose.

While it is claimed that W. H. Warner & Company usurped complete control of all the corporate functions of The Warner Coal Corporation, we find that in the contract between the two corporations the ultimate authority of the board of directors of The Warner Coal Corporation was expressly stipulated.

This is not a case of a mere mask behind which W. H. Warner & Company was conducting its own business. The Warner Coal Corporation had title to the mines as lessee. It operated the business of mining the coal and had a substantial capital reasonably regarded as adequate to enable it to operate its business and pay its debts as they matured. Various unforeseen economic factors intervened to defeat the expectation.

It is undoubted law that a corporation may be formed, and usually is, for the specific purpose of avoiding liability and loss beyond the contribution to its capital. That is not a fraudulent intent. On the contrary, the law recognizes it as a purpose in conformity to sound public policy. In the case at bar, no other intent is disclosed and that intent was fully understood by the plaintiff at the time.

Of course if the record disclosed facts showing that through this parent corporation and wholly-owned subsidiary The W. H. Warner & Company, Inc., was in fact the lessee of the mines and was operating them and that the wholly owned subsidiary was simply its agent in the ostensible ownership and operation of the mines and that The W. H. Warner & Company, Inc., was the undisclosed principal, a case of liability would be presented even in the absence of any other consideration. But no such case is presented here. The existence of the two corporations as distinct entities was preserved at all times. Nor were their properties, capital, or business commingled.

As the law authorizes the creation of corporations for the purpose of limiting liability and The Warner Coal Corporation was organized and conducted in conformity to such laws, we are of the opinion that the Common Pleas Court was correct in holding that no case was presented for the disregard of the corporate entity and holding The W. H. Warner & Company, Inc., liable for the debts of The Warner Coal Corporation.

We are of the opinion that **North v Higbee Company, 131 Oh St 507,** is dispositive of this case on the point of disregard of the corporate entities and preclude such disregard. There is nothing in the record indicative of any relation between these corporations than that shown by the documents which preserved the corporate identity of each. And treating them as distinct entities, we find nothing in the evidence tending to prove that The W. H. Warner Company, Inc., intended to or did incur a liability to the plaintiff.

We find no error in the action of the Court in instructing a verdict for The W. H. Warner Company, Inc., and in entering judgment on the verdict. The judgment in its favor is, therefore, affirmed.

The bill of exceptions shows that at the time the Court sustained the motion of The W. H. Warner Company for an instructed verdict, the Court dismissed the action of The Ohio Edison Company against The Warner Coal Corporation and its trustees in bankruptcy, without prejudice, and particularly without prejudice to its right to proceed in the bankruptcy proceeding against The Warner Coal Corporation or its trustee in bankruptcy, to which The Ohio Edison Company did not except, and also dismissed the cross-petition of the trustee in bankruptcy against The Ohio Edison Company, to which the trustee in bankruptcy excepted. The trustee in bankruptcy by his cross-appeal seeks to have this judgment of dismissal reversed.

The plaintiff had been given full opportunity to prove its cause of action against the defendants and had failed. That

was the justification for the Court's action in entering judgment against it. The Warner Coal Corporation and its trustee had been given no such opportunity to prove their cross-petition. The trial of the issues raised by the cross-petition and the answer thereto had not begun. That fact seems to have been overlooked by the trial judge.

No reason was assigned for the dismissal, but we get the impression from what was done that the court was of the opinion that no cause of action was stated in the cross-petition. However, that may be, the fact remains that the effect would be to adjudge the merits of the claim without trial and without the opportunity to invoke the discretion of the Court to allow an amendment to the cross-petition should it be determined that the cross-petition does not state a cause of action.

For these reasons, the judgment entered on the cross-petition of the trustee in bankruptcy is reversed and the cause remanded for further proceedings thereon.

HILDEBRANDT, PJ, MATTHEWS and ROSS, JJ, concur.