RUCKER ET AL., APPELLANTS, *v.* PERSONAL FINANCE COMPANY OF COLUMBUS, INC., ET AL.; BENEFICIAL INDUSTRIAL LOAN CORP. ET AL., APPELLEES.

(No. 4149—Decided October 30, 1948.)

*Mr. Matthew L. Bigger,* for appellants.

*Mr. Henry A. Reinhard, Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Carl H. Tangeman,* for appellees.

WISEMAN, P. J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Franklin county, sustaining motions to quash service of summons upon two of the defendants, appellees

herein, both of which were Delaware corporations not licensed to do business in Ohio. The summons on each appellee was served upon the designated agent of a third Delaware corporation, to wit, the Beneficial Management Corporation of Delaware, which is licensed to do business in Ohio.

The sheriff's return shows that he served the summonses on the Beneficial Industrial Loan Corporation of Delaware and the Beneficial Corporation of Delaware by serving the same on the Beneficial Management Corporation of Delaware and by delivering the summons for each corporation to R. G. Corace as statutory agent of the Beneficial Management Corporation.

Plaintiffs, appellants herein, claim that the Beneficial Management Corporation is the managing agent in Ohio for the Beneficial Industrial Loan Corporation of Delaware and the Beneficial Corporation of Delaware. The appellees, appearing specially and for that purpose only, moved to quash the service of summons on the ground that the service was not made in accordance with the provisions of Section 11290, General Code, which provides:

"When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent."

The motions were supported by affidavits to the effect that neither the Beneficial Industrial Loan Corporation of Delaware nor the Beneficial Corporation of Delaware engaged directly or indirectly in business in Ohio; that they did not control or direct the management, operation or operating policies of the Beneficial Management Corporation; and that they did not have places of business or agents in the state of Ohio. The affidavits stated further that neither R. G. Corace nor the Beneficial Management Corporation of Delaware was an officer, agent, managing agent or employee of

either corporation, nor were they authorized to accept such service of process upon them.

The motions to quash raised the question relative to the correctness of the return of service. The return of service showed the Beneficial Management Corporation of Delaware to be the managing agent of the two foreign corporations, and that service was made in accordance with the provision of Section 11290. The affidavits submitted in support of the motions showed this to be incorrect. No counteraffidavits were filed.

The motions to quash the service of summons were sustained, but the record does not show that the petition was dismissed or judgment entered. An order quashing the service of summons on a foreign corporation, without dismissing the petition and entering judgment, effectually determines the jurisdictional question and the action and is a final order within the meaning of Section 12223-2, General Code. See *Gorey* v. *Black,* 100 Ohio St., 73, 82, 125 N. E., 126; *Allen* v. *Smith,* 84 Ohio St., 283, 288, 95 N. E., 829, Ann. Cas. 1912C, 611; *Hurd* v. *John B. Ransom & Co.,* 13 Ohio App., 135; *Rinehart, Admr.,* v. *Wellston Iron Furnace Co.,* 32 C. C. (N. S.), 476, 35 C. D., 817; 2 Ohio Jurisprudence (Pt. 1), 181, Section 96.

The question of the correctness of the return of service may be raised by motion to quash. See *State, ex rel. Wachenheimer, Pros. Atty.,* v. *Standard Oil Co. of Ohio,* 15 C. C. (N. S.), 212, 31 C. D., 52; *Hurd* v. *John B. Ransom & Co., supra; Thrasher* v. *Kelly et al., Admrs.,* 73 Ohio App., 304, 55 N. E. (2d), 873; *Grady* v. *Gosline & Barbour,* 48 Ohio St., 665, 667, 29 N. E., 768. See, also, 32 Ohio Jurisprudence, 504, Section 107.

It is conceded that the Beneficial Management Corporation of Delaware is a subsidiary of the Beneficial Industrial Loan Corporation of Delaware and the Beneficial Corporation of Delaware. May a foreign

corporation be served with process in Ohio by serving a subsidiary of such corporation as the managing agent thereof? As a requisite to the validity of such service it must be shown that such foreign corporation is doing business in Ohio. 32 Ohio Jurisprudence, 540, Section 140. The record does not show that the foreign corporations in question were doing business within this state. The subsidiary was conducting its own business. It cannot be successfully maintained that the foreign corporations were doing business within this state because their subsidiary was so doing business. That they are distinct corporate entities is clear. The fact that the stock of the subsidiary was held by the foreign corporation and that the foreign corporation exercised control over the subsidiary through the ownership of the stock, the corporate identity being formally preserved, is not sufficient to subject such foreign corporation to the jurisdiction of the state court. Such facts do not constitute ''doing business in this state.'' In the case at bar, separate corporate identity was definitely preserved, which fact cannot be disregarded. This conclusion is supported by *Cannon Mfg. Co.* v. *Cudahy Packing Co.,* 267 U. S., 333, 69 L. Ed., 634, 45 S. Ct., 250, wherein a motion to quash the service of summons was sustained. See, also, *North* v. *Higbee Co.,* 131 Ohio St., 507, 3 N. E. (2d), 391, where the court held that separate corporate entities will not be disregarded.

On the record presented, the motions to quash the service of summons were properly sustained. As we find no error in the record, the judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.