SEDGWICK, APPELLEE, *v.* KAWASAKI CYCLEWORKS, INC., APPELLEE; AMERICAN HONDA MOTOR COMPANY, INC., APPELLANT.

(No. 84AP-855—Decided May 21, 1985.)

*Matan & Smith, Eugene L. Matan* and *James D. Colner,* for plaintiff-appellee.

*Porter, Wright, Morris & Arthur, James E. Pohlman, Terrance M. Miller* and *Mason Evans,* for defendant-appellant.

*Sheppard & Bale* and *Alan Wayne Sheppard,* for defendant-appellee.

STERN, J. This is an appeal from the Court of Common Pleas of Franklin County wherein the appellant asserts that:

"1. The trial court erred in entering its order of September 4, 1984 holding defendant-appellant American Honda in contempt of court and in ordering payment of a fine for contempt to plaintiff-appellee.

"2. The trial court erred in entering its order of September 4, 1984 awarding attorney fees to counsel for plaintiff-appellee.

"3. The trial court erred in entering its order of August 13, 1984 directing defendant-appellant American Honda to produce documents over which it had no possession, custody or control."

The facts relating to this case are that plaintiff, Kim L. Sedgwick, purchased a 1981 Honda motorcycle from Kawasaki Cycleworks in 1981. The day following the purchase, the plaintiff, while operating the motorcycle, met with an accident causing serious personal injuries and damage to the motorcycle. The seller of the motorcycle to plaintiff has no direct responsibility in this phase of the proceedings and is therefore not a participant in this appeal.

Kawasaki Cycleworks procured the motorcycle from American Honda, the wholesale distributor of Honda motorcycles. Plaintiff in his lawsuit claims that the motorcycle he purchased was defectively designed and manufactured by American Honda, and was also modified and made "unreasonably dangerous by

the installation of various aftermarket accessories by Kawasaki Cycleworks.''

American Honda contends that it did not participate in the manufacture of the motorcycle; that it did not authorize modification of the motorcycle sold to plaintiff; that the motorcycle was manufactured by Honda Japan; that Honda R & D designed the motorcycle; and that, while American Honda and Honda R & D are wholly owned by Honda Japan, the three corporations are distinct and separate entities.

Plaintiff directed discovery requests to American Honda relating to the motorcycle's design and manufacture. When American Honda objected to the requests on the ground that it had no custody or control of the information sought, plaintiff moved to compel discovery. The trial court sustained the motion (third assignment of error) and when its discovery order was not complied with entered the sanction orders which are the subject of the first and second assignments of error.

Counsel for both plaintiff and defendant American Honda presented the trial court with extensive briefs, statements, affidavits and other significant data to indicate the manner and method Honda and its affiliates designed, manufactured and sold motorcycles in the United States. The record does not indicate that any formal testimony was presented to the court. The specific matter before this court is whether, based upon the data presented to the court by the contesting litigants, the trial court properly held American Honda in contempt.

As we review the information submitted to the trial court, we note that American Honda (defendant in these proceedings) is a wholesale distributor of Honda motorcycles; it is a separate California corporation wholly owned by Honda Japan; Honda R & D is an independent and separate Japanese corporation, which designed the motorcycle, and all of its stock is also owned by Honda Japan. The information imparted to the trial court also indicates that these subsidiaries are separate and distinct corporate entities. In bringing this lawsuit, plaintiff did not join Honda R & D and Honda Japan as parties defendant in these proceedings. Accordingly, for this particular phase of this cause, we have only the plaintiff and American Honda as litigants.

A review of all the information submitted to the trial court on the particular issue presented does indicate that:

1. American Honda has acted in good faith in its efforts to comply with the trial court's discovery order.

2. There is no proof that the defendant American Honda had in its possession, custody or control any of the documents and data sought by plaintiff.

We must look first at what law has been adduced in this state on the subject of the requirements of establishing the responsibilities and liabilities of multiple corporate entities acting under an ''umbrella,'' making the action of one binding upon its allied corporate entities.

In the early case of *Bartholomew* v. *Bentley* (1846), 15 Ohio 659, the Supreme Court held that, in an action for a fraud resulting in damage, it is no defense that the fraudulent acts were done in the capacity of corporate officers, and thus the malefactor could not be protected from personal liability, hiding behind the corporate veil.

Then we have the case of *North* v. *Higbee Co.* (1936), 131 Ohio St. 507 [6 O.O. 166], wherein the court stated in the syllabus:

''The separate corporate entities of a parent and subsidiary corporation will not be disregarded and the parent corporation will not be held liable for the acts and obligations of its subsidiary corporation, notwithstanding the facts that the latter was controlled by the parent through its stock ownership, and that

the officers and directors of the parent corporation were likewise officers and directors of the subsidiary, in the absence of proof that the subsidiary was formed for the purpose of perpetrating a fraud and that domination by the parent corporation over its subsidiary was exercised in such manner as to defraud complainant."

*North* v. *Higbee Co., supra,* was followed in Ohio in the following reported cases: *Rucker* v. *Personal Finance Co.* (1948), 86 Ohio App. 110, 113 [40 O.O. 516], where the court held that separate corporate entities will not be disregarded; *Ohio Edison Co.* v. *Warner Coal Corp.* (1946), 79 Ohio App. 437, 440 [35 O.O. 231], stating "[t]here is nothing in the record indicative of any relation between these corporations other than that shown by the documents which preserved the corporate identity of each"; *Newell* v. *Cleveland Cemetery Assn.* (1938), 61 Ohio App. 476, 494-495 [15 O.O. 71], reasoning that the separate corporate entities of parent and subsidiary corporations will not be disregarded in the absence of proof that the subsidiary was formed for the purposes of fraud.

The contempt proceeding was instituted by the appellee upon the basis of American Honda's failure to comply with the trial court's order to produce records, etc. In *Ward* v. *Hester* (1973), 36 Ohio St. 2d 38 [65 O.O.2d 181], the court stated that the proof required to sustain the charge of failure to produce records was a showing that such evasion was the result of an intentional failure to comply with such order. There is no substantial evidence that the appellant in this case failed to produce such records and data that it had available to produce.

The Supreme Court of Ohio, in *Toney* v. *Berkemer* (1983), 6 Ohio St. 3d 455, citing for authority *Societe Internationale* v. *Rogers* (1958), 357 U.S. 197, 212, held that harsh remedies of dismissal and default should be only used when the failure to comply has been due to willfulness or bad faith on the part of the responding party.

*Marr* v. *Postal Union Life Ins. Co.* (1940), 40 Cal. App. 2d 673, 105 P. 2d 649, sets forth these elements to indicate that the separate corporate entities are in fact a single unit: (1) control of one by another; (2) that one was the mere conduit of the business of the other; and (3) the recognition of their separate existence would sanction a fraud, permit oppression and injustice.

We conclude that these are reasonable guidelines to be followed by a trial court in determining whether a subsidiary corporation can be required to provide discovery of documents or other information held by its parent corporation or another subsidiary. In the absence of such safeguards, especially in a case where the parent has not been joined as a party, the discovery process easily could be abused by directing overly broad discovery requests (which might, for example, unnecessarily require production of corporate secrets) to a subsidiary under circumstances where the parent could not effectively assert its legitimate interest in protecting itself from revealing information not subject to discovery.

Applying these guidelines to this case, it is apparent that there was not adequate evidence to establish the fact that American Honda had control of the requested information, in the sense that it either had possession of it or the legal right to obtain it. That being the situation, it follows that American Honda's failure to provide the requested discovery could not be the product of its willfulness or bad faith, and that the trial court therefore abused its discretion in entering the orders complained of.

The assignments of error are sustained, the orders of the trial court are reversed, and this cause is remanded to

the trial court for further proceedings according to law and consistent with this opinion.

*Judgment reversed
and cause remanded.*

STRAUSBAUGH and NORRIS, JJ., concur.

STERN, J., retired Justice of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.