**INTERNATIONAL INSURANCE COMPANY, an Illinois Corporation, Plaintiff,**

v.

**NEWMONT MINING CORPORATION, et al., a Delaware Corporation, et al., Defendants.**

**No. 88 Civ. 7500 (RO).**

United States District Court, S.D. New York.

Sept. 17, 1992.

Mound, Cotton & Wollan, New York City (John Mezzacappa, of counsel), Orrick, Herrington & Sutcliffe, New York City (Nancy I. Ruskin, of counsel), for plaintiff.

Tofel Berelson & Saxl, P.C., New York City (Mark A. Lopeman, of counsel), for defendant.

## MEMORANDUM

OWEN, District Judge

In this action for a declaratory judgment brought by International Insurance Compa-ny against its insured, Newmont Mining Corporation to declare certain environmental-impairment liability policies void or not affording coverage, the carrier seeks certain discovery from the company which opposes it on the ground of attorney-client privilege.

It appears that the company itself defended two separate environmental actions brought against it by the State of Colorado and the EPA after International declined coverage and failed to provide a defense. International, in this action now seeks materials from the company in those two actions which would normally be within the attorney-client privilege asserting, however, the "common interest" exception to the rule.

Relying principally on *Waste Management, Inc. v. International Surplus Lines Ins. Co.*, 144 Ill.2d 178, 161 Ill.Dec. 774, 579 N.E.2d 322 (1991), the Magistrate Judge below applied the exception and ordered the materials turned over. This appeal followed.

 I conclude that while the insurer had the same "desire" as its insured to have a successful defense of the said actions, for if coverage was later determined to exist, it would be responsible for any obligation of its insured remaining, this in my view is an insufficient "common interest" to warrant invasion of the attorney-client relationship with the privilege attaching to confidential communications which the law rather zealously protects.[1]

The "common interest," logically viewed, and New York law supports, which makes the privilege inapplicable, is where an attorney actually represents both the insured and the insurer—joint representation—and accordingly both clients are working together with a single attorney toward a common goal. See, e.g. *Goldberg v. American Home Assurance Co.*, 80 A.D.2d 409, 439 N.Y.S.2d 2 (App.Div., 1st Dept.1981). That is not the situation before me.[2] Con-

---

[1] Indeed, where a carrier declines to defend, a climate of actual antagonism between the insured and the carrier is more likely.

[2] The fact that the insurer had a separate contract with several others of the mining company's insurers under which it paid some part of the company's lawyers' fees in one of the two

sequently, whatever validity *Waste Management,* supra, has in any other situation, I conclude it has no force here.

Accordingly, paragraph 2 of the order of the Magistrate Judge dated December 17, 1991 is reversed on the law and International's motion is denied, the insured's assertion of the attorney-client privilege to the materials discussed therein being sustained.

## ORDER

BERNIKOW, United States Magistrate Judge.

AND NOW, this 17th day of December, 1991, upon consideration of the motion of International Insurance Company to compel discovery, the letters submitted in support thereof and in opposition thereto and other material submitted by the parties and the Court having heard oral argument,

IT IS HEREBY ORDERED that:

1. The portion of International's motion that seeks to compel further answers and production of documents in response to interrogatories numbered 1–4 and document requests numbered 1 and 2 of International's second set of interrogatories and documents requests, dated May 14, 1991, is denied without prejudice and with leave to renew in March, 1992.

2. The portion of International's motion that seeks to compel production of certain documents specified by plaintiff in its June 6, 1991 letter to defendants' counsel and withheld by defendants on the grounds of attorney-privilege and work-product immunity, is granted to the extent only that Newmont shall produce the documents generated in the defense of the underlying actions brought against Newmont by the State of Colorado and the federal government, which do not relate expressly to issues of insurance coverage.

3. If the parties are unable to agree on which documents were generated in defense of the underlying litigation, this Court will determine that issue upon further submissions of the parties.

4. The Court at this point does not reach the issue of whether and to what extent documents that pre-date the underlying actions may be subject to production, such issue being left for later determination on further submissions.

5. Enforcement of this order shall be stayed for ten (10) days from and after the date of entry hereof, and if, during that period, Newmont seeks review of this order by the District Court, such enforcement shall be stayed pending the hearing and determination of such review.

6. Except as provided in the preceding paragraph, defendants shall furnish all discovery called for by this order within thirty (30) days of the date hereof.

---

underlying actions does not, in my view, give it either factually or legally, the "common interest" with the company which would justify a court in removing the law's protection accorded confidences between that company as client and its attorneys. *Emons Industries Inc. v. Liberty Mutual Ins. Co.,* 747 F.Supp. 1079, 1082–3. (S.D.N.Y.1990).