**OWENS–CORNING FIBERGLAS CORPORATION**

v.

**ALLSTATE INSURANCE COMPANY et al.**

Court of Common Pleas of Ohio,
Lucas County.

No. CI90–2521.

Decided Sept. 17, 1993.

*Connelly, Soutar & Jackson, William M. Connelly* and *Steven Smith; Covington & Burling, Mitchell F. Dolin, Jackson Sharman* and *Eric Lasker; Davis & Young Co., L.P.A.,* and *Martin J. Murphy,* for Owens–Corning Fiberglas Corporation.

*Gallagher, Sharp, Fulton & Norman, Alton L. Stephens* and *Robert H. Eddy,* for Republic Insurance Company.

RICHARD W. KNEPPER, Judge.

This matter is before the court upon the cross-motions to compel discovery filed by the plaintiff and the defendants. Upon review of the parties' memoranda and the applicable law, the court finds both motions well taken in part and not well taken in part.

## I. *BACKGROUND*

This declaratory judgment action involves a dispute between the plaintiff, Owens–Corning Fiberglas Corporation ("OCF"), and the remaining defendant insurers as to coverage afforded to OCF arising from its liability in several underlying asbestos product liability claims.

Currently at issue are various discovery requests, many of which have been resolved either by the parties themselves or by the court at a hearing on July 16, 1993. The parties submitted briefs on the remaining issues on August 3, 1993. The court now addresses these matters.

## II. *STANDARD OF REVIEW*

The scope of discovery under both federal and Ohio procedural rules is broad. Ohio Civ.R. 26(B)(1) provides in relevant part that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." These liberal policies, however, must be balanced so as to protect the producing party against excessive burden, and even harassment:

"[T]he discovery rules embody competing concerns. An effort to determine a discovery dispute must contain an assessment of the potential for developing relevant evidence in addition to an analysis of the relative burdens the discovery may entail." *Leksi, Inc. v. Fed. Ins. Co.* (D.N.J.1989), 129 F.R.D. 99, 103.

Weighing these interests, moreover, is done at the trial court's discretion. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph one of the syllabus.

## III. *DISCUSSION*

Presently before the court are both OCF's and the defendants' motions to compel answers to various interrogatories and requests for production of documents. OCF's motion is addressed first, followed by a discussion of the defendants' motion.

### A. *OCF's Motion*

■ OCF's first request is for the defendants to produce "material from any lawsuits or arbitrations that defendants have had concerning asbestos coverage." OCF contends that such information is relevant as to the defendants' intentions as to asbestos coverage and the scope and application of various exclusionary clauses (*e.g.,* "pollution exclusion," "asbestos exclusion") in other such cases.

The defendants object on three grounds: (1) relevance, (2) confidentiality, and (3) burden. None of these arguments is availing. First, the defendants contend that the materials which are the subject of this request would have bearing only on whether the policies in those other cases provide asbestos coverage. The court, however, finds that this information is relevant to the defendants' intentions as to asbestos coverage, as it will shed light on how the defendants have approached other asbestos issues and used exclusionary clauses. Defendants' reliance, moreover, on *Monsanto Co. v. Aetna Cas. & Sur. Co.* (May 30, 1990), Del.Super. No. 88C–JA–118, unreported; *Schering Corp. v. Evanston Ins. Co.* (Aug. 8, 1989), N.J.Super. No. L–97311–88, unreported; and *In re Texas E. Transm. Corp., PCB Contamination Ins. Coverage Litigation* (July 26, 1989), E.D.Pa. No. MDL 764, unreported, is misplaced, as those cases address "how a claim is handled," see defendants' brief of April 16, 1993, at 43, rather than the insurers' intentions as to coverage. Moreover, those cases all address a far broader request—that for other *claim files* and asbestos policies, not merely materials from lawsuits and arbitrations that defendants have had arising from disputes over asbestos coverage. See *Monsanto* at 7; *Schering* at 32; *Texas Eastern* at 13–14.

Second, defendants' confidentiality concerns are legitimate. The already existing protective order in this case, however, as well as OCF's willingness to consent to a counsel-only protective order for their specific materials, controls for this element.

Finally, the court finds defendants' burden argument unpersuasive, as their affidavits pertain to the burden involved in retrieving materials pertaining to policies and insurance claims, not actual lawsuits and arbitrations. See, *e.g.*, Affidavit of Felix Salgado, Jr. at paragraphs 6, 7; Affidavit of Carol K. Luiz at paragraph 12; Affidavit of Karen L. Campbell at paragraphs 4, 5. OCF's request, therefore, is granted subject to a counsel-only protective order.

■ OCF's second request is that the defendants provide "all reinsurance-related material that bears in any way upon OCF." In support of this request, OCF theorizes that, if the insurers intended to cover asbestos liability, these intentions would be reflected in increased reinsurance [1] coverage.

The defendants oppose this request, maintaining that these materials are irrelevant. Most of the authorities cited by defendants, however, pertain to *reserves* information, not *reinsurance* materials. See, *e.g.*, *Union Carbide Corp. v. Travelers Indemn. Co.* (W.D.Pa.1973), 61 F.R.D. 411; *Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.* (D.D.C.1986), 117 F.R.D. 283; *Reichhold Chemicals, Inc. v. Hartford Acc. & Indemn. Co.* (Jan. 12, 1990), Conn.Super. No. CV 88–03511982, unreported. As the Ninth Circuit noted in *Excess & Casualty & Reinsurance, supra*, this distinction is not hollow. Even the *Independent Petrochemical* court acknowledged it. *Id.* at 288. See, also, *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. Stauffer Chem. Co.* (Del.Super.1989), 558 A.2d 1091, 1096–1097.

In one case the defendants cite, *Leksi, Inc. v. Fed. Ins. Co., supra*, 129 F.R.D. 99, the court did, indeed, find reinsurance information irrelevant. As OCF points out, however, *Leksi* appears to be in the minority, and this court finds this information is relevant to whether the insurer believed that these policies covered asbestos claims against OCF. See, *e.g.*, *Stauffer* at 1096–1097; *Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Illinois Corp.* (N.D.Ill.1987), 116 F.R.D. 78, 83–85; *Am. Colloid Col. v. Old Republic Ins. Co.* (June 18, 1993), E.D.Ill. No.

---

1. "Reinsurance" has been defined as:

"a special form of insurance obtained by insurance companies to help spread the burden of indemnification. A reinsurance company typically contracts with an insurance company to cover the specified portion of the insurance company's obligation to indemnify a policyholder in the event of a valid claim. This excess insurance, as it is called, enables the insurance companies to write more policies than their reserves would otherwise sustain since its [*sic*] guarantees the ability to pay a part of all claims." *Excess & Cas. & Reinsurance Assoc. v. Ins. Commr. of the State of California* (C.A.9, 1981), 656 F.2d 491, 492.

93 C 0665, unreported, 1993 WL 222678. These materials, therefore, are discoverable.

Third, OCF contends that the defendants "should be required to produce all documents within their possession, custody, and control that relate to their knowledge of actual or potential asbestos claims against Owens–Corning." Such information, of course, is relevant to the issue of whether the insurers intended to cover asbestos liabilities. The defendants' primary objection centers around the fact that OCF requests materials from some of the insurers' subsidiaries. In order to obtain discovery from the subsidiary, the party seeking discovery must show that the party from whom the discovery is sought has control of said subsidiary. See, e.g., Sedgwick v. Kawasaki Cycleworks, Inc. (1985), 24 Ohio App.3d 109, 24 OBR 179, 493 N.E.2d 308; Gerling Internatl. Ins. Co. v. Commr. of Internal Revenue (C.A.3, 1988), 839 F.2d 131, 141–142. Here, OCF presents such evidence only as to Columbia Casualty Company, which is no longer a party to this case. Accordingly, OCF's request is granted but does not apply to materials under the control of the defendants' subsidiaries.

Fourth, OCF contends that it is entitled to "comprehensive discovery of [the defendants'] asbestos underwriting procedures and their knowledge of the alleged hazards of asbestos." OCF maintains that such information is pertinent to what the defendants knew about the risks of asbestos and when they started to use asbestos exclusions. Such information would be useful in determining whether the defendants intended to cover asbestos liability.

Defendants object on the grounds of relevance, burden, confidentiality, and vagueness. Defendants also cite compelling authority which holds that insurers' research is relevant only if it concerns the insured's operations. See, e.g., Borg–Warner Corp. v. Liberty Mut. Ins. Co. (June 20, 1990), New York Supreme Court, Thompkins Cty. No. 88–539, unreported, which, balancing all factors, rejected a similar contention: "Research into other companies' operations might have tangential relevance, but would lead to an inordinate expansion of discovery." Id. at 16. Adopting this rationale, the court grants OCF's request but limits it to materials covering OCF's operations, not those of other insureds.

Fifth, OCF states that "Old Republic should be compelled to provide all documents relating to the 1982–83 policy it issued to OCF." This 1982–1983 period immediately follows the period of the Old Republic policy which is a subject of this case. Old Republic notes that it is not asserting that the 1981–1982 policy contains an asbestos exclusion and that, accordingly, the asbestos exclusion contained in the 1982–1983 policy is not relevant. Since, as Old Republic states, the disputes regarding the 1981–1982 policy relate to whether OCF has complied with the terms and conditions of the policy, OCF's request for

the documents relating to the 1982–1983 policy appear overbroad and not reasonably calculated to lead to the discovery of admissible evidence. The request, therefore, is denied.

## B. *The Defendants' Motion*

Most of the defendants' discovery matters have been resolved. The three matters that remain center around identifying and labeling documents, OCF's settlement agreements with other insurers, and the "common interest" doctrine.

First, the defendants submit that OCF should be required, with respect to the documents it produced in Toledo, to "identify which of said documents are produced in response to which requests." OCF objects, observing that the Ohio Civil Rules impose no such labeling requirement. While the Ohio Civil Rules do not require such labeling, the court, in its discretion, finds that OCF should label the materials it produced in Toledo.

Second, the defendants request that the court require OCF "to produce information concerning its settlement agreements with other insurers." Defendants state that this information is necessary to ensure that these underlying levels of insurance have been "exhausted." Only after these lower levels of insurance are exhausted do the "excess" policies, which are the subject of this case, become applicable.

OCF objects on two grounds. First, OCF notes that these settlement agreements are confidential. Second, OCF contends that these documents are not required to show exhaustion, as OCF has already produced billing information which shows that the underlying insurers' limits have been depleted and that, in any event, these limits have been self-evidently satisfied in that, in the next twelve months alone, OCF will spend $75,000,000 of its own money to pay for asbestos bodily injury claims.

The court finds that the defendants' request should be granted due to the obvious relevance of the materials. In response to OCF's confidentiality concerns, the court orders that the materials be submitted under seal. As for exhaustion, the court finds that OCF's billing information and projected $75 million payout are insufficient evidence of such exhaustion.

Finally, the defendants contend that "OCF should be required to produce all 'common interest' documents." Their basic position is that both the insurers and OCF have an interest in minimizing asbestos liability payments and that this "common interest" somehow vitiates any confidential communications made between OCF and its in-house counsel. Defendants further argue that the work product privilege is inapplicable because the "common interest" doctrine does not protect internal communications made in anticipation of litigation *against the*

*insurers.* The defendants rely primarily on *Waste Mgt. v. Internatl. Surplus Lines Ins. Co.* (1991), 144 Ill.2d 178, 161 Ill.Dec. 774, 579 N.E.2d 322.

As OCF points out, however, *Waste Management* is outweighed by authority which states that the common interest doctrine applies "where an attorney actually represents both the insured and the insurer—joint representation—and accordingly both clients are working together with a single attorney toward a common goal." *Internatl. Ins. Co. v. Newmont Mining Corp.* (S.D.N.Y.1992), 800 F.Supp. 1195, 1196–1197. See, also, *Pittston Co. v. Allianz Ins. Co.* (D.N.J.1992), 143 F.R.D. 66, 70; *Remington Arms Co. v. Liberty Mut. Ins. Co.* (D.Del.1992), 142 F.R.D. 408, 417–418. The common-interest exception to the work-product privilege contemplates such situations as "communication by the insured under a liability insurance policy *to the attorney employed by the insurance company to represent both the company and the insured.*" (Emphasis *sic.*) *Remington Arms* at 417–418.

In this case, the defendants and OCF have no such common goal in that the defendants have neither represented nor indemnified OCF with respect to its underlying asbestos bodily injury lawsuits. Indeed, as the materials submitted over the past three years readily indicate, this case is more aptly characterized as an embittered dispute over whether or not insurance coverage applies. The parties could not be more at odds, rendering any reference to a "common interest" somewhat laughable. Thus, the common-interest exception is inapplicable, and the documents at issue are protected by the work-product privilege.[2]

### JOURNAL ENTRY

It is ORDERED that the motion to compel discovery filed by Owens–Corning Fiberglas Corp. is granted in part and denied in part as follows:

1. That the defendants produce materials from any lawsuits or arbitrations that defendants have had arising from disputes over asbestos liability coverage, but that these materials be submitted pursuant to a counsel-only protective order;

2. That the defendants produce any reinsurance materials that bear upon Owens–Corning Fiberglas Corp.;

3. That the defendants produce any documents within their possession, custody, and control that relate to their knowledge of actual or potential asbestos claims against Owens–Corning Fiberglas Corp., but that this order does not apply to any materials under the control of any of the defendants' subsidiaries;

---

2. In their brief of August 3, 1993, the defendants rely on the so-called "Northbrook clause" to demonstrate a commonality of interest with OCF. The court has reviewed that clause and finds that it contemplates third-party liability suits against the insured rather than adversary declaratory judgment actions against the insurers.

4. That the defendants produce comprehensive discovery of their asbestos underwriting procedures as to their policies with Owens–Corning Fiberglas Corp.; and

5. That the Owens–Corning Fiberglas Corp. request for all documents relating to the 1982–1983 policy issued by defendant Old Republic Insurance Company is denied.

It is further ORDERED that the motion to compel discovery filed by the defendants is granted in part and denied in part as follows:

1. That Owens–Corning Fiberglas Corp., with respect to the documents it earlier produced in Toledo, identify which of said documents are produced in response to which requests;

2. That Owens–Corning Fiberglas Corp. produce information concerning its settlement agreements with other insurers, but that this information be submitted under seal; and

3. That the defendants' request for "common interest" documents is denied.

*Judgment accordingly.*

### Decided December 17, 1993.

Upon due consideration of the briefs, affidavits and exhibits of record, the court hereby finds that Republic Insurance Company's Motion for Reconsideration of the court's September 17, 1993 Opinion and Journal Entry is well taken. The court determines that in the interests of justice, the settlement agreement entered into between Republic Insurance Company and Owens–Corning Fiberglas Corporation on May 4, 1993 (the "agreement") is confidential and is not to be produced to the defendants in this action.

Accordingly, Republic's Motion for Reconsideration of the court's September 17, 1993 Opinion and Journal Entry is granted; the agreement is not subject to the September 17, 1993 Opinion and Journal Entry and is not to be disclosed to the defendants in this action, or anyone else, except in accordance with its terms.

It is further ORDERED that any future settlement agreements in this action are not automatically subject to disclosure.

*Judgment accordingly.*