■ MASSACHUSETTS BAY INSURANCE COMPANY, Appellant, v THOBURN M. STAMM, JR., as Conservator for MARILYN N. STAMM, Respondent and Third-Party Plaintiff-Respondent. HANOVER INSURANCE COMPANY, Third-Party Defendant-Appellant. [700 NYS2d 707] —Orders, Supreme Court, New York County (Herman Cahn, J.), entered August 24, 1998 and June 24, 1999, which, to the extent appealed from, confirmed a Special Referee's report insofar as it found that plaintiff Massachusetts Bay Insurance Company and third-party defendant Hanover Insurance Company (the insurers) had waived the attorney-client privilege with respect to certain documents transmitted to Munich Reinsurance Company and Willcox Incorporated Reinsurance Intermediaries, required plaintiff and the third-party defendant to produce certain documents to defendant, and denied the insurers' motions to quash subpoenas and subpoenas duces tecum served by defendant and third-party plaintiff upon ITT New England, Prudential Reinsurance Co., and Royal Insurance, unanimously modified, on the law, to the extent of remanding the matter for in camera review of the documents in issue, to determine whether they constitute attorney work product, and to determine their relevancy in light of the dismissal of defendant and third-party plaintiff's fraud claims, and otherwise affirmed, without costs.

The IAS Court properly determined that the insurers waived any attorney-client privilege with respect to documents transmitted to the reinsurers (see, Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd's London, 176 Misc 2d 605; Bank

*Brussels Lambert v Credit Lyonnais*, 160 FRD 437; *North Riv. Ins. Co. v Columbia Cas. Co.*, 1995 US Dist LEXIS 53, 1995 WL 5792 [SD NY, Jan. 5, 1995, Francis, J.]; *International Ins. Co. v Newmont Min. Corp.*, 800 F Supp 1195). However, given the dispute over what documents are properly before this Court for review with respect to the subpoenas served subsequent to the determination of relevancy by the Special Referee, we remand the matter to the IAS Court for in camera review of the documents and a determination of the insurer's claims of attorney work product and any related claims of waiver (*see, Bluebird Partners v First Fid. Bank*, 248 AD2d 219, 225, *lv dismissed* 92 NY2d 946), and for a determination respecting the continued relevancy of the requested documents in light of the dismissal of defendant and third-party plaintiff's fraud claims. Concur—Rosenberger, J. P., Mazzarelli, Wallach and Saxe, JJ.