OPINION
Appellants Ted Levengood, Tim Levengood Brian Levengood and Kreg Levengood appeal the decision of the Tuscarawas County Court of Common Pleas that ruled in favor of Appellees Transfuel, Inc. ("Transfuel"), Mitsubishi Corporation ("Mitsubishi") and Diamond Energy, Inc. ("Diamond"). The following facts are pertinent to this appeal. On May 31, 1992, the shareholders of Atwood Resources, Inc. ("Atwood"), which included Appellants Levengoods, executed a Shareholders Endorsement. The Shareholders Endorsement was the result of financial restructuring that occurred at Atwood in the spring of 1992. Also on this date, Appellee Transfuel and the common shareholders, including appellants, executed a Buy-Sell Agreement. Under the terms of the Buy-Sell Agreement, Transfuel paid approximately $7,000,000 for shares of preferred stock in Atwood. Under the Shareholders Endorsement, the common shareholders of Atwood, including appellants, agreed to indemnify Transfuel for any breach of the representations and warranties contained in the Buy-Sell Agreement. The Shareholders Endorsement also required appellants and other common shareholders to pledge their shares of common stock, in Atwood, as security for the payment of such indemnification. The Shareholders Endorsement named Appellee Bruce Levengood as shareholder representative. Appellee Bruce Levengood was responsible for accepting notice and communications from Transfuel and transmitting such materials and information to Transfuel from the common shareholders. The Shareholders Endorsement also contained a set-off against the common shareholders' certificates with respect to indemnifiable damages for which the common shareholders might be responsible pursuant to the Shareholders Endorsement. The Shareholders Endorsement also contained the procedure to be followed prior to the effectuation of a set-off. As it pertains to the indemnification process, pursuant to paragraph 2(d)(1) of the Shareholders Endorsement, Transfuel was required to give written notice of any claim for indemnification to Appellee Bruce Levengood. On November 22, 1993, Transfuel notified Appellee Levengood of its claim for indemnifiable damages for allegations of breach, by the shareholders, of the representations and warranties contained in the Buy-Sell Agreement. Under paragraph 2(d)(2) of the Shareholders Endorsement, a notice of contest, to Transfuel's claim for indemnifiable damages, had to be made no later than thirty days after Transfuel's notice of claim. Thus, appellants had until December 22, 1993, to notify Transfuel of their notice of contest. Appellants never gave such a notice. On December 15, 1993, counsel for Appellee Bruce Levengood notified Transfuel that his client did not wish to contest the set-off damages and that he had informed individual shareholders to contact Transfuel directly if they wished to contest the set off. On December 23, 1993, having received no notices of contest from any shareholder, Transfuel notified Appellee Bruce Levengood that it exercised its right to set off its damages against Atwood stock pursuant to the terms of the Shareholders Endorsement. In order to protect himself from any claims of malfeasance by appellants, Appellee Bruce Levengood, individually and as the shareholders' representative, filed a declaratory judgment action, in the Tuscarawas County Common Pleas Court, seeking a declaration and determination of the rights and duties of the parties under the Shareholders Endorsement and a judicial determination that he acted in a proper fiduciary relationship to the common shareholders. After the filing of this lawsuit, Transfuel agreed to create a new right to arbitration. Thereafter, Appellee Bruce Levengood and Transfuel entered into a settlement agreement on February 9, 1994. Upon entering into this settlement agreement, Appellee Bruce Levengood voluntarily dismissed his complaint, without prejudice, against all defendants. Under the terms of the settlement agreement, the shareholders that had previously waived their right to contest set off could individually demand arbitration by notifying Transfuel, by February 17, 1994, of the arbitrator they selected. All Atwood shareholders were given written notice of the agreed entry and notice of dismissal. They were also informed of the extended period in which they could trigger the arbitration provision of the Shareholders Endorsement. No shareholder invoked the new and expanded arbitration procedure. Instead, appellants filed several appeals with this court, all of which were dismissed for lack of a final appealable order. Upon remand, the trial court conducted a hearing on December 21, 1994, at which all parties were represented. The trial court granted all original defendants leave until March 9, 1995, to file an answer, cross-claims or other relevant motions. In March 1995, appellants filed an answer to Appellee Bruce Levengood's dismissed complaint and cross-claims. The trial court subsequently addressed issues relating to disqualification of counsel. Following the trial court's ruling on disqualification of counsel, more appeals ensued. These appeals were also dismissed for lack of a final appealable order. Upon remand and sanctions by the Ohio Supreme Court, the parties conducted discovery. Prior to trial, Transfuel raised the issue of bifurcation in order to first determine the rights of the parties as a declaratory judgment proceeding. The trial court found bifurcation appropriate. The bifurcated trial of this matter commenced on September 14, 1998. On October 6, 1998, the trial court entered its findings of fact and conclusions of law. The trial court found in favor of appellees on the basis that appellants did not pursue arbitration, in Texas, as required by the Shareholders Endorsement Agreement. The trial court also found Appellee Bruce Levengood, in his capacity as shareholder representative, did not breach any fiduciary duties to the shareholders. Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 I. THE COURT BELOW COMMITTED PREJUDICIAL ERROR WHEN IT MISAPPLIED THE DOCTRINE OF WAIVER/ESTOPPEL IN THE DECLARATORY JUDGMENT ACTION, AGAINST THE NON-BREACHING PARTY.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT APPROVED A SETTLEMENT AND JUDGMENT ENTRY ORDER OF DISMISSAL ON 2/9/94, WHICH WAS OUTSIDE THE COURT'S SCOPE OF AUTHORITY, DONE WITHOUT PRIOR NOTICE TO THE APPELLANTS, WHICH VIOLATED CIVIL RULE 41, AND UNLAWFULLY OPERATED TO QUIET APPELLANTS' CONTRACTUAL RIGHTS.
 III. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN DISMISSING THE COUNTERCLAIMS AND CROSS CLAIMS OF APPELLANTS' (SIC) IN ITS JUDGMENT ENTRY DATED 10/06/98.
 IV. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FAILING TO VACATE THE FEBRUARY 9, 1994 JUDGMENT AND/OR SETTLEMENT ENTRY, WHEN IN FACT, THE TRIAL COURT HAD PERSONAL KNOWLEDGE AND KNEW THAT APPELLANTS WERE REPRESENTED BY COUNSEL AND HAD FILED A MOTION FOR AN EXTENSION OF TIME, BUT THE TRIAL COURT SIGNED THE JUDGMENT ENTRY WITHOUT NOTIFYING COUNSEL OF RECORD FOR APPELLANTS, NOR REQUESTING THEIR PRESENCE AT THE SETTLEMENT ENTRY SIGNING.
 V. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN DISMISSING CROSS-CLAIMS OF APPELLANTS TIM, TED, KREG, AND BRIAN LEVENGOOD AGAINST MITSUBISHI, INC., AND DIAMOND ENERGY, CORP., WITH PREJUDICE TO REFILING, ON GROUNDS OF LACK OF JURISDICTION WHEN, IN FACT, THE PARTIES DISMISSED HAD ENTERED GENERAL APPEARANCES IN SAID CAUSE, HAD SATISFIED THE REQUIREMENTS OF O.R.C.2307.38.2, AND HAD MET THE "MINIMUM CONTRACT" (SIC) THRESHOLD TEST FOR PURPOSES OF ESTABLISHING JURISDICTION.
 VI. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN DISMISSING COUNTERCLAIMS AGAINST BRUCE LEVENGOOD IN ITS APRIL 6, 1995 JUDGMENT, WHO WAS THE ORIGINAL PLAINTIFF IN SAID CAUSE, IN VIOLATION OF DUE PROCESS AND EQUAL PROTECTION RIGHTS THAT WERE DUE THESE APPELLANTS THROUGHOUT THESE PROCEEDINGS AND TO WHICH THEY WERE DENIED AT EVERY STAGE OF THESE PROCEEDINGS.
 VII. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO MAKE A RECORD (SIC) THE FEBRUARY 9, 1994 PROCEEDING, WHICH DEPRIVED APPELLANTS OF DUE PROCESS, AND IMPAIRED JUDICIAL IMPARTIALITY INSOFAR AS THE TRIAL JUDGE BECAME A FIRST HAND WITNESS TO THE EVENTS ON FEBRUARY 9, 1994; AND FINALLY, OPERATES TO IMPAIR EFFECTIVE APPELLATE REVIEW.
 VIII. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN FAILING TO LAWFULLY CONSTRUE THE SHAREHOLDERS ENDORSEMENT DOCUMENT AGAINST THE PREPARER THEREOF, TO WIT: APPELLEES, AND IN FURTHER TRANSFERRING THE BURDEN OF PROOF TO APPELLANTS WHEN THE EVIDENCE IS UNCONTROVERTED, APPELLANTS DID NOT PREPARE SAID DOCUMENT.
 IX. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED ERRORS OF LAW IN CREATING NEW TERMS AND CONDITIONS IN THE SHAREHOLDERS ENDORSEMENT DOCUMENT, WHICH TERMS AND CONDITIONS WERE IN VIOLATION OF SAID SHAREHOLDERS ENDORSEMENT AGREEMENT AND SHAREHOLDERS VOTE, WHICH THE TRIAL COURT HAD NO AUTHORITY TO MODIFY OR CHANGE.
 X. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THE STATUTORY AND CONSTITUTIONAL RIGHTS OF THESE APPELLANTS, WHEN IT SET FOR HEARING THE TRIAL OF THIS MATTER AS A JURY TRIAL; THEN ON THE DATE SCHEDULED FOR JURY TRIAL ISSUED ORDERS INDICATING IT WOULD PROCEED WITHOUT A JURY, ONLY ON A DECLARATORY JUDGMENT ACTION, WITHOUT PRIOR NOTIFICATION TO COUNSEL FOR APPELLANTS, THIS APPARENTLY HAVING BEEN DONE AT THE INSTANCE OF APPELLEE, TRANSFUEL, EVEN THOUGH THE COURT EARLIER OVERRULED TRANSFUEL'S MOTION FOR SUMMARY JUDGMENT ON BRUCE LEVENGOOD'S COMPLAINT FOR DECLARATORY JUDGMENT.
 XI. THAT THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR REGARDING THE DECLARATORY JUDGMENT PROCEEDINGS, BY INTERRUPTING APPELLANTS' COUNSEL ON NUMEROUS OCCASIONS DURING HIS DIRECT AND CROSS EXAMINATION OF VARIOUS WITNESSES, IN A COVERT ATTEMPT TO IMPUGN THE CONDUCT OF APPELLANTS SO AS TO DEFLECT ATTENTION AWAY FROM THE PLAIN MEANING OF THE CORRESPONDENCE BETWEEN BRUCE LEVENGOOD ND (SIC) ANTHONY CLARK AS WELL AS THE PLAIN MEANING OF THE SHAREHOLDER'S (SIC) ENDORSEMENT.
 XII. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN ITS FACT FINDING IN THE OCTOBER 6, 1998 JUDGMENT ENTRY, ON CRUCIAL FACT ISSUES WHICH WERE NOT SUPPORTED BY THE RECORD OR THE DOCUMENTARY EVIDENCE PRESENTED AND ADMITTED.
 I
In their First Assignment of Error, appellants contend the trial court erred when it applied the doctrine of waiver/estoppel in the declaratory judgment action against the non-breaching party. We disagree. In its judgment entry of October 6, 1998, the trial court determined, in conclusions of law six and seven, that appellants waived their right to invoke the arbitration procedure provided in the Shareholders Endorsement when they failed to comply with the February 17, 1994 enlarged deadline. The trial court further concluded that appellants' failure to invoke their right to arbitrate constituted a legal waiver of their right to dispute the claims made for indemnifiable damages by Appellee Transfuel. Thus, the trial court determined appellants were estopped and prohibited from proceeding with their monetary damage cross-claims against Appellee Transfuel. "Waiver is the voluntary relinquishment of a known right, or the doing of acts inconsistent with an assertion of that right." Goff v. Walters (Oct. 28, 1998), Summit App. No. 18918, unreported, at 3. As "a general rule, the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy." State ex rel. Hess v. Akron (1937),132 Ohio St. 305, 307. We find the trial court did not err when it concluded appellants waived their right to arbitrate and therefore, are estopped from claiming monetary damages from Appellee Transfuel. Appellants Tim Levengood, Ted Levengood and Brian Levengood attended the trial of this matter. Each appellant admitted, during testimony, that they signed the Shareholders Endorsement which contained the procedure for invoking their right to arbitration. Tr. at 528, 559, 577. The parties stipulated that Kreg Levengood, who did not appear for trial, would have testified that he also signed the Shareholders Endorsement. Appellant Tim Levengood admitted he was aware of the right to arbitrate. Id. at 558, 557. However, despite this knowledge, Appellant Tim Levengood admitted the shareholders chose not to pursue their right to arbitrate and instead filed their cross-claims underlying this appeal. Id. at 567, 579. Appellants further admitted that they received letters indicating Appellee Transfuel was exercising its right to off set damages. Id. at 529-530, 559-560. They also admitted to receiving letters from Appellee Bruce Levengood, the shareholder representative, requesting that they directly lodge their own notice of contest or contact him or Appellee Transfuel directly if they wished to proceed with arbitration. Id. at 565, 595. Based on this testimony, we conclude, as did the trial court, that appellants were provided with two opportunities to invoke their right to arbitrate. The first opportunity was contained in the Shareholders Endorsement. The second opportunity was contained in the trial court's judgment entry filed on February 9, 1994. Appellants failed to take advantage of either opportunity and voluntarily waived their contractual right to arbitrate. Due to this knowing waiver of their right to arbitrate, appellants are estopped from pursuing their claims for monetary damages against Appellee Transfuel. Appellants' First Assignment of Error is overruled.
 II, IV
We will address appellants' Second and Fourth Assignments of error together as both concern the judgment entry and order of dismissal filed on February 9, 1994. In their Second Assignment of Error, appellants contend that the trial court erred when it approved the settlement and judgment entry order of dismissal dated February 9, 1994 because the judgment entry and order of dismissal was outside the trial court's scope of authority, done without prior notice to appellants, violated Civ.R. 41 and unlawfully operated to quiet appellants' contractual rights. In their Fourth Assignment of Error, appellants maintain the trial court should have vacated the judgment entry and order of dismissal because it knew appellants were represented by counsel and counsel had filed a motion for extension of time within which to plead. We disagree with both assignments of error. In support of their argument, appellants cite Civ.R. 41(A)(2) which provides: (2) By order of court. Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
Appellants argue that under the above rule a dismissal by order of a court must be predicated with prior service of a motion to dismiss. Appellants claim that because Appellee Levengood never filed a motion to dismiss, they were denied their opportunity to meaningfully participate in the trial court proceedings prior to dismissal. In making this argument and relying on section (A)(2), appellants ignore the fact that at the time this matter was dismissed, they had not filed a responsive pleading. The only document filed by appellants was a motion asking the trial court for an extension of time to file an answer to Appellee Bruce Levengood's complaint for declaratory judgment. Appellants filed this motion on February 1, 1994, and the trial court did not rule on it prior to the dismissal. However, because appellants' motion for an extension of time is not a responsive pleading, we find section (A)(2) of Civ.R. 41 does not apply in the case sub judice as appellants had not yet filed their counterclaim when Appellee Bruce Levengood dismissed his complaint. See Maryhew v. Yova (1984), 11 Ohio St.3d 154, 158. Only where a dependent counterclaim has been pled, prior to a plaintiff's motion to voluntarily dismiss, is an opposing party entitled to be heard on the motion. Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 127. We find, in the matter currently before the court, that section (A)(1) applies. This section provides: (1) By plaintiff; by stipulation. Subject to the provisions of Rule 23(E) and Rule 66, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.
Under the above rule and the facts of this case, Appellee Bruce Levengood could have filed a notice of dismissal on February 9, 1994. The notice of dismissal would not require the signatures of the other parties named in the lawsuit. However, instead of filing a notice of dismissal, appellant entered into an "agreed entry and order of dismissal." The entry contains the following language: "Given the fact that Transfuel has agreed to resolve this issue with this Agreed Entry, the parties further agree that this matter shall be dismissed as to all defendants, * * *." Agreed Entry and Order of Dismissal, Feb. 9, 1994, at 5. The trial court as well as the attorneys representing Appellee Bruce Levengood and Appellee Transfuel signed the entry. We conclude the trial court properly permitted the dismissal of Appellee Bruce Levengood's complaint. The dismissal was not outside the scope of the trial court's authority and appellants were not entitled to notice prior to dismissal. Appellants also maintain the trial court erred when it found, in its judgment entry issued on October 6, 1998, that the language contained in the agreed entry and order of dismissal extended appellants' right to arbitrate under the Shareholders Endorsement. Appellants argue the judgment entry did not extend any rights and actually destroyed valuable rights. Appellants make this allegation but set forth no examples of how the language contained in the agreed entry and order of dismissal destroyed their rights. Upon our review of the language contained in the agreed entry and order of dismissal, we find appellants' right to arbitrate was extended. The agreed entry gave appellants a second opportunity to arbitrate this matter. Under the terms of the agreed entry, appellants had until February 17, 1994, to invoke the arbitration provisions of the Shareholders Endorsement. This gave appellants four days beyond the time period contained in the Shareholders Endorsement for the shareholders to name an arbitrator. Further, all shareholders, including appellants, were given written notice of the agreed entry by overnight mail. Appellants' Second and Fourth Assignments of Error are overruled.
 III, V, VI
We will address appellants' Third, Fifth and Sixth Assignments of Error simultaneously as they concern the trial court's dismissal of their counterclaims and cross-claims. In their Third Assignment of Error, appellants make a general argument that the trial court erred when it dismissed their counterclaims and cross-claims. Appellants maintain, in their Fifth Assignment of Error, that the trial court erred when it dismissed their cross-claims against Mitsubishi and Diamond on grounds of lack of jurisdiction. In their Sixth Assignment of Error, appellants challenge the dismissal of the counterclaims against Appellee Bruce Levengood. We disagree with these assignments of error. We will first address appellants' Third Assignment of Error. On March 6, 1995, appellants filed their answer to Appellee Bruce Levengood's declaratory judgment action. Appellants also filed a counterclaim against Appellee Levengood alleging breach of fiduciary duty. Appellants filed cross-claims against Appellee Transfuel, Appellee Diamond, Appellee Mitsubishi and Bank One. The counterclaim against Appellee Bruce Levengood alleged he acted outside the scope of his authority set forth in the Shareholders Endorsement. In a judgment entry dated April 6, 1995, the trial court dismissed appellants' counterclaim against Appellee Levengood. The trial court found that "* * * Bruce Levengood ceased to be a party to this lawsuit effective 2/9/94 with the filing of the Dismissal Judgment Entry. The Court concludes that Bruce Levengood ceased to be a party to this litigation both in his individual and representative capacities." Judgment Entry, Apr. 6, 1995, at 2. We conclude the trial court properly dismissed the appellants' counterclaim against Appellee Bruce Levengood because when appellants filed their counterclaim, on March 6, 1995, Appellee Levengood was no longer a party to this litigation. In their Fifth Assignment of Error, appellants challenge the trial court's dismissal, on May 31, 1995, of Mitsubishi and Diamond for lack of jurisdiction. Appellants argue the trial court had jurisdiction, over these parties, because they entered general appearances in this matter, had minimum contacts with the State of Ohio and satisfied the requirements of R.C. 2307.38.2. The evidence in this case establishes that Mitsubishi is a shareholder of Diamond. Diamond is a shareholder of Transfuel and Transfuel is a preferred shareholder of Atwood. When a party moves for dismissal for lack of personal jurisdiction, the nonmoving party bears the burden of establishing the court's jurisdiction. Jurko v. Jobs Europe Agency (1975), 43 Ohio App.2d 79, 85. The nonmoving party is required to prove the trial court's jurisdiction, by a preponderance of the evidence, if the trial court holds an evidentiary hearing to determine the merits of the defense. Jentzen v. Lomma Enterprises Inc. (June 8, 1994), Hamilton App. No. C-930346, unreported, at 1. If no evidentiary hearing is held, the non-moving party's burden is met by a prima facie showing of jurisdiction. Id., citing Giachetti v. Holmes (1984), 14 Ohio App.3d 306, 307. Evidence from which reasonable minds could find jurisdiction establishes a prima facie showing. Id., citing Giachetti at 307. In the case of U.S. Sprint Communications v. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181,183-184, the Court explained that an Ohio court may exercise personal jurisdiction over a non-resident defendant where Ohio's long-arm statute, R.C. 2307.38.2, and Civ.R. 4.3(A) confer jurisdiction. Further, the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Appellants maintain the affidavits and testimony of Tim and Kreg Levengood establish the requisite minimum contacts, in Ohio, by Mitsubishi and Diamond. Appellant Kreg Levengood testified that Mitsubishi made on-sight visits to Atwood property as well as systematic, directive and written communiques signed by both Mitsubishi and Diamond. These written communiques allegedly established personnel policies, organization charts, standards of employee accountability and company directives. Appellants contend that based on this testimony, it is evident Mitsubishi was actively involved in the management and takeover of Atwood in 1992. We conclude, as did the trial court, that appellants failed to introduce any evidence that would warrant exercising jurisdiction over Mitsubishi and Diamond. "The fact that the stock of a subsidiary is held by a foreign corporation and that the foreign corporation exercises control over the subsidiary through the ownership of the stock, the corporate identity being formally preserved, is not sufficient to subject such foreign corporation to the jurisdiction of a court of this state." Rucker v. Personal Finance Co. (1948), 86 Ohio App. 110, at paragraph four of the syllabus. Appellants' claim against Mitsubishi and Diamond is based solely on Diamond's parent/subsidiary relationship with Transfuel and Mitsubishi's parent/subsidiary relationship with Diamond. Mitsubishi and Diamond were not parties to the contracts which are the basis of appellants' claim. Mitsubishi and Diamond have not conducted any business in the State of Ohio relative to appellants or the causes of action. Nor have Mitsubishi and Diamond transacted any business in Ohio relative to Transfuel or Atwood. Mitsubishi and Diamond also have not contracted to supply services or goods in Ohio for appellants, Atwood or Transfuel. The trial court properly refused to exercise jurisdiction over Mitsubishi and Diamond. In their Sixth Assignment of Error, appellants maintain the trial court erred when it dismissed their counterclaims against Appellee Bruce Levengood. We have already addressed this issue, in appellant's Third Assignment of Error, and determined the trial court did not err. Appellants' Third, Fifth and Sixth Assignments of Error are overruled.
 VII
In their Seventh Assignment of Error, appellants contend the trial court erred when it failed to make a record of the February 9, 1994 proceedings as required by Sup.R. 11. We disagree. Sup.R. 11 addresses the recording of court proceedings and provides, in pertinent part:
 (A) Recording Devices Proceedings before any court and discovery proceedings may be recorded by stenographic means, phonogramic means, photographic means, audio electronic recording devices, or video recording systems. * * *. (Emphasis added.)
The rule clearly does not require every proceeding to be recorded. Further, the Staff Notes to Sup.R. 11 provides that "[i]n civil matters, there is no obligation to record the proceedings before the court. However, the court must provide a means of recording the proceedings in a civil matter upon the request of a party." Appellants do not contend that a record was requested, by a party attending this proceeding, and the trial court refused to record the proceedings. Appellants merely allege that the trial court should have made a record on its own initiative. However, this is not required under Sup.R. 11 and the trial court did not err when it failed to record the proceedings of February 9, 1994. Appellants' Seventh Assignment of Error is overruled.
 VIII, IX, XII
We will address appellants' Eighth, Ninth and Twelfth Assignments of Error together as they concern the trial court's findings of fact and conclusions of law. Appellants maintain, in their Eighth Assignment of Error, that the trial court erred when it failed to construe the Shareholders Endorsement against Appellee Transfuel and transferred the burden of proof to appellants. In their Ninth Assignment of Error, appellants contend the trial court erred when it created new terms and conditions, in the Shareholders Endorsement, which were in violation of the endorsement. Appellants allege, in their Twelfth Assignment of Error, that the trial court erred in its fact finding on crucial factual issues. We disagree with these assignments of error. In all three of these assignments of error, appellants essentially allege that the trial court's findings of fact and conclusions of law are against the manifest weight of the evidence. Our role, under a manifest weight analysis, is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279, 280. It is based on this standard that we review appellants' Eighth, Ninth and Twelfth Assignments of Error. These assignments of error focus on the language contained in Section 2, paragraph (d)(3) of the Shareholders Endorsement. This section provides: (3) If prior to the expiration of the Notice of Contest Period, the Representative shall notify Transfuel in writing of an intention to dispute the claim and if such dispute is not resolved within 30 days after expiration of the Notice of Contest Period (the "Resolution Period"), then such dispute shall be resolved by a panel of three arbitrators (one appointed by the Representative, one appointed by Transfuel and one appointed by the other two so appointed), which shall be appointed within 60 days after the expiration of the Resolution Period. The arbitration shall take place in Houston, Texas and the arbitrators shall abide by the rules of the American Arbitration Association and their decision shall be made within 45 days of completion of hearing testimony and submission of evidence and shall be final and binding on all parties. In support of their Eighth Assignment of Error, appellants challenge the trial court's findings of fact eleven, twelve, fourteen, fifteen, seventeen, twenty-one and twenty-two and conclusion of law three in the judgment entry of October 6, 1998. We find the record in this matter supports the above findings of fact and conclusions of law. Appellants argue the trial court re-wrote the terms of the Shareholders Endorsement transferring certain duties and responsibilities, under the endorsement, from the shareholder representative, Appellee Bruce Levengood, to appellants. Findings of fact eleven and twelve address the steps Appellee Bruce Levengood took to protect appellants' rights. Appellee Levengood informed appellants that he did not intend to contest Appellee Transfuel's claims, however, to protect their right to arbitrate, Appellee Levengood sent a Notice of Contest to Appellee Transfuel. Appellee Levengood also informed appellants to contact him if they desired to proceed with the arbitration provisions contained in the Shareholders Endorsement. Appellee Levengood mailed a letter to Appellee Transfuel indicating that he did not intend to contest the transfer of common stock but that the matter should be submitted to arbitration pursuant to the terms of the Shareholders Endorsement. Appellee Levengood also informed Appellee Transfuel that he requested each individual shareholder to contact Transfuel concerning the arbitration process.
Clearly, Appellee Levengood took steps, above and beyond what was required in the Shareholders Endorsement, to protect appellants' right to arbitrate. Although Appellee Levengood took steps that were not required of him according to the terms of the Shareholders Endorsement, his actions in no way hindered appellants' right to arbitrate this matter or prevented them from pursuing arbitration in this matter. Finding of fact fourteen addresses the steps Appellee Transfuel took to protect appellants' arbitration rights. Appellee Transfuel agreed to allow appellants to proceed with arbitration outside the time parameters of the Shareholders Endorsement. The trial court found, in conclusion of law three, that Appellee Levengood confirmed, by letter, that Appellee Transfuel was giving appellants a right to arbitrate pursuant to the Shareholders Endorsement. In finding of fact seventeen, the trial court found that Appellee Levengood filed a complaint seeking a declaration and determination that he acted in a proper fiduciary relationship to the common shareholders. Again, although the terms of the Shareholders Endorsement concerning the time limit to invoke arbitration proceedings were changed by Appellee Transfuel, the change benefitted appellants by extending the time period within which to invoke arbitration proceedings. In findings of fact fifteen, twenty-one and twenty-two, the trial court found that appellants failed to invoke their right to arbitrate. Appellants do not contend that they even attempted to invoke their right to arbitrate. Thus, we conclude the trial court did not err by failing to construe the Shareholders Endorsement against Appellee Transfuel. Appellants maintain, in their Ninth Assignment of Error, that the trial court erred when it created new terms and conditions, in the Shareholders Endorsement, as said terms were in violation of the endorsement. Appellants argue the changes to the Shareholders Endorsement favored Appellee Transfuel. In support of this assignment of error, appellants cite to findings of fact eleven, twelve, thirteen, fourteen, fifteen, sixteen and seventeen. Appellants also cite conclusions of law two, three, four, five, six, seven and eight. We have already addressed findings of fact eleven, twelve, fourteen, fifteen and seventeen in appellants' Eighth Assignment of Error. In finding of fact thirteen, the trial court determined that Appellee Transfuel did not consider Appellee Levengood's letter dated December 15, 1993, to constitute a valid notice of contest under the Shareholders Endorsement because it did not identify any individual shareholder who wished to contest Appellee Transfuel's claims of indemnifiable damages. However, in finding of fact fourteen, the trial court found that Appellee Transfuel agreed to allow the shareholders to pursue arbitration outside the time parameters established in the Shareholders Endorsement. The court further determined, in finding of fact sixteen, that the reference to arbitration contained in the letter from Appellee Levengood required appellants to advise Appellee Transfuel of the identity of the designated arbitrator on or before February 13, 1994, pursuant to the terms of the Shareholders Endorsement. We do not conclude these findings of fact demonstrate that the trial court construed the Shareholders Endorsement in such a way as to favor Appellee Transfuel. The changes made to the endorsement concerned dates. As noted above, as a result of the changes to the endorsement, appellants were provided even more time to invoke their right to arbitrate. Although the time period was extended, appellants were still required to follow the procedures contained in the Shareholders Endorsement. Specifically, appellants were required to designate an arbitrator by February 13, 1994. Appellants failed to do so and we do not find the trial court had to interpret the Shareholders Endorsement in such a way as to reach this conclusion. Appellants also challenge conclusions of law two through eight. In these conclusions of law, the trial court made the following determinations:
 1. The letter dated December 15, 1993, was a valid notice of contest.
 2. Appellee Levengood did not, in his capacity as shareholder representative, breach any fiduciary duty to the common shareholders.
 3. The notice of contest period was enlarged to February 17, 1994.
 4. This enlargement of time was a reasonable, appropriate and legal modification of the Shareholders Endorsement by Appellee Levengood.
 5. The agreed entry and order of dismissal dated February 9, 1994, was a lawful extension of the time period within which appellants were required to name an arbitrator and was within the scope of the duties of the shareholder representative.
6. Appellants waived the right to invoke arbitration.
 7. Appellants failure to invoke arbitration constitutes a legal waiver of their right to dispute the claims made for indemnifiable damages by Appellee Transfuel.
 8. Appellants are estopped from pursuing their monetary damage crossclaims against Appellee Transfuel.
On review of the record, we find the evidence presented at trial supports the trial court's conclusions of law. In their Twelfth Assignment of Error, appellants contend the trial court abused its discretion in its fact finding concerning critical issues which were not supported by the record or documentary evidence. The only findings of fact appellants cite in support of this assignment of error, that we have not already addressed in Assignments of Error Eight and Nine, are findings of fact eighteen and nineteen. Finding of fact eighteen refers to litigation commenced, by Appellee Transfuel, in the district court of Harris County, Texas. The lawsuit, in Texas, sought to enforce the exclusive jurisdiction provision of the Shareholders Endorsement. In finding of fact nineteen, the trial court addressed the judgment entry of dismissal dated February 9, 1994. The court concluded that the terms of the dismissal entry provided the appellants with the further opportunity to invoke their right to arbitrate. The trial court also concluded the appellants were given written notice, by overnight mail, of the agreed entry and order of dismissal and the extended time period which they could trigger to invoke their right to arbitrate. As with the other findings of fact and conclusions of law, we find the record supports the trial court's findings and conclusions. Thus, the trial court's findings of fact and conclusions of law are not against the manifest weight of the evidence. Appellants' Eighth, Ninth and Twelfth Assignments of Error are overruled.
 X
In their Tenth Assignment of Error, appellants contend the trial court erred when it originally scheduled this matter for a jury trial and on the day of trial bifurcated the proceedings and indicated the declaratory judgment cause of action would proceed as a bench trial. We disagree. In deciding to bifurcate the proceedings in this matter, the trial court stated its reason on the record: All right. Notwithstanding that I'm going to suggest that that declaratory judgment issue is still viable and before the court. So my intention would be to proceed with the declaratory judgment action because again, notwithstanding arguments that may be made, and I'll certainly give you the opportunity to make them, but this is my initial impression, is that all claims of the Levengoods against Transfuel for money damages flow from the decision the court would make on the declaratory judgment. That if I ruled essentially adverse to the Levengoods' position on the declaratory judgment issue that the money damages claims would fall and would no longer be justiciable. Whereas if I ruled in their favor on the declaratory judgment action because you're asking me and I consider the pleadings clearly show that you're asking the court to issue a declaratory judgment concerning the rights of the parties pursuant to that endorsement, that if I would rule in their favor on that point that the issue of money damages then would be viable and would go forward. Tr. Vol. III at 376-377.
R.C. 2721.10 and R.C. 2311.04 address the right to a jury trial. Under R.C. 2721.10, a jury trial is appropriate in a declaratory judgment action as follows:
 When a proceeding under section 2721.01 to 2721.15, inclusive, of the Revised Code, involves the determination of an issue of fact, such issues may be tried and determined in the same manner as issues of fact are tried and determined in other civil action in the court in which the proceeding is pending.
R.C. 2311.04 provides for the right to a jury trial in civil actions as follows:
 Issues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or unless all parties consent to a reference under the Rules of Civil Procedure. * * *
We find the trial court did not err when it bifurcated the trial of this matter in order to first address the declaratory judgment action. The issues contained in the declaratory judgment action concerned the interpretation of the Shareholders Endorsement and whether Appellee Bruce Levengood, as the shareholder representative, breached his fiduciary duty. This required the trial court to interpret the language of the Shareholders Endorsement, which is a question of law. See Alexander v. Buckeye Line Pipe Co. (1978), 53 Ohio St.2d 241. The trial court was correct in finding that a ruling adverse to the appellants in the declaratory judgment action precluded their cross claim for money damages. Had the trial court found in favor of appellants in the declaratory judgment action, a jury trial would have been appropriate concerning the issue of damages. Appellants' Tenth Assignment of Error is overruled.
 XI
In their Eleventh Assignment of Error, appellants maintain the trial court erred when it interrupted appellants' counsel on numerous occasions, during his direct and cross-examination of various witnesses. We disagree. In Jenkins v. Clark (1982),7 Ohio App.3d 93, 97, the court addressed a similar argument and held: Although there may be a difference of opinion and taste as to how much a judge should ask questions from the bench, he may, according to the generally accepted view, in his discretion, propound to witnesses, proper and pertinent questions which are designed to develop the true character of the transaction in question, which counsel have failed to propound, and thus elicit testimony more fully revealing the true facts in the case.
Further, Evid.R. 614(B) states that the court may interrogate witnesses in an impartial manner no matter who calls them. Accordingly, we do not find that the trial judge erred in questioning the witnesses during appellants' counsel's direct and cross-examination. Appellants' Eleventh Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
GWIN, P.J., concurs. HOFFMAN, J., concurs separately.